**Foster SELLERS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al., Defendants-Appellees.**

No. 82–8712
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 22, 1983.

Foster Sellers, pro se.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Alleging that the search of his luggage by FBI agents violated his Fourth Amendment rights, Foster Sellers filed a civil action for damages based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district

court granted summary judgment in favor of the United States, stating that the FBI agents were entitled to qualified immunity from damages liability because the law regarding inventory searches was unclear at the time the FBI searched Sellers' luggage.

On March 17, 1977, Foster Sellers escaped from the Fulton County Jail in Atlanta, Georgia, where he had been serving federal sentences for bank robbery and firearms violations. He was arrested over two years later at the Atlanta airport. The FBI investigation that led to this arrest also disclosed that Sellers had contact with the residents of a certain household in Atlanta. Because Sellers' wife was also a fugitive at the time of his capture, and because Sellers had been identified as a suspect in a number of bank robberies, FBI agents went to that address on the day after Sellers' arrest. Sellers was not a resident of this house. Pursuant to the signed consent of one of the residents, the FBI searched the house and seized a number of items identified by the residents as belonging to Sellers. With the residents' permission, these items, including a number of pieces of luggage, were taken to the local FBI office. Pursuant to standard FBI office procedure, all pieces of luggage were opened, and their contents were inventoried prior to storage. None of the property seized was used as the basis for any investigation or prosecution of Sellers.

The Supreme Court recently discussed the qualified immunity of government officials:

[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 2783, 73 L.Ed.2d 396 (1982). This eliminated subjective tests in determining whether an official was eligible for immunity.

On summary judgment, the judge appropriately may determine, not only the cur-

rently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful.

457 U.S. at 818, 102 S.Ct. at 2739 (footnote omitted).

In a careful examination of the law concerning the search of closed containers in the possession of police officers in June 1979, when the search of Sellers' luggage occurred, the district court noted a conflict between *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (warrantless inventory search of a vehicle taken into policy custody for parking violations did not violate owner's Fourth Amendment rights), and *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (warrantless search of luggage seized at the time of arrest violated Fourth Amendment). The court stated that the impact of *Chadwick* on the holding in *Opperman* was unclear, especially with regard to the search of luggage not seized at the time of arrest that officials characterize as an inventory. *See United States v. Ochs,* 595 F.2d 1247, 1256 (2d Cir.), cert. denied, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979) ("the question whether *Opperman* permits inspection of sealable containers as an incident to an inventory is an open and serious one"). Similarly, cases of the former Fifth Circuit did not clearly establish that the agents' actions in this case were unconstitutional. *United States v. Edwards,* 577 F.2d 883, 893–95 (5th Cir.1978) (en banc), *cert. denied,* 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1979), decided after *Chadwick,* approved reasonable inventory searches of vehicles impounded at the time of arrest, citing *Opperman. See United States v. Prescott,* 599 F.2d 103, 105–06 (5th Cir.1979) (approving inventory search of automobile, including partially opened suitcase); *United States v. Ducker,* 491 F.2d 1190, 1192 (5th Cir.1974) (if an inventory search is otherwise reasona-

ble, its validity is not vitiated by an officer's suspicion that contraband or other evidence may be found).

As carefully set forth in the district court's opinion, the law in this area was not "clearly established" at the time the agents opened Sellers' luggage, and therefore the agents were shielded from liability for damages as a matter of law.

Sellers' wife filed a motion to intervene, claiming that the FBI and the IRS conspired to seize property belonging to her in violation of her Fifth Amendment due process rights. Sellers seeks review of the district court's denial of his wife's motion to intervene. The motion requested intervention as of right under Rule 24(a), or, in the alternative, permissive intervention under Rule 24(b).

Considering the motion to intervene as of right under Rule 24(a), Sellers' appeal is untimely. The denial of a Rule 24(a) motion is a final appealable order. *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.,* 331 U.S. 519, 524, 67 S.Ct. 1387, 1389, 91 L.Ed. 1646 (1947). The time for appeal therefore began when the district court denied the motion on September 29, 1980, and expired approximately two years before this appeal was filed on October 18, 1982. *See* Fed.R.App.P. 4.

Considered as a motion for permissive intervention under Rule 24(b), there is some question as to whether Sellers has standing to appeal the denial of his wife's motion. *See United States v. City of Miami,* 664 F.2d 435, 445 (5th Cir.1981) (en banc) ("an appellant may not appeal on behalf of others who have chosen not to intervene or to appeal"). In any event, the decision whether to allow permissive intervention is within the discretion of the district court, and may be reversed only for a clear abuse of discretion. *Cisneros v. Corpus Christi Independent School District,* 560 F.2d 190, 191 (5th Cir.1977), *cert. denied,* 434 U.S. 1075, 98 S.Ct. 1265, 55 L.Ed.2d 781 (1978); *Korioth v. Briscoe,* 523 F.2d 1271, 1278 (5th Cir.1975). The district court con-

cluded that denial of intervention would not impair Barbara Sellers' ability to protect her interest in the property. The intervention proposed would have expanded this litigation to include disputes about the ownership of property seized and the computation of Sellers' income tax liability. There was no abuse of discretion in the court's denial of the motion to intervene.

AFFIRMED.