Arthur S. GUTHRIE, et al., Plaintiffs,

Keiter Parrott, Plaintiff-Appellant,

v.

David C. EVANS, et al.,
Defendants-Appellees.

No. 85–8982
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 24, 1987.

Keiter Parrott, pro se.

Neal B. Childers, Georgia Dept. of Law, Atlanta, Ga., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

RONEY, Chief Judge:

 Keiter Parrott, an individual class member in this inmate class action challenging the conditions of confinement at Georgia State Prison, filed a *pro se* appeal from the district court's entry of final judgment. The district court, after approximately thirteen years of litigation, had permanently enjoined the defendants from violating prior orders of the court. Neither the class representatives nor class counsel appealed from the district court's judgment. We hold that Parrott, a class member who is not a named plaintiff, does not have standing to appeal the final judgment in this class action. The appeal is dismissed.

There are no cases in this Circuit squarely on point. The former Fifth Circuit noted that "[d]istinctive problems" arise if both the named plaintiffs and the class counsel decide not to appeal. *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1178 n. 19 (5th Cir.1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). Although the Court in *Pettway* stated that class members could seek relief in collateral proceedings should the failure to appeal constitute inadequate representation, it explicitly declined to resolve "[w]hether, and how, a direct appeal may be taken absent the participation of the original named plaintiffs, or the participation of both the named plaintiffs and the class attorney...." *Id.* No case law has been located in any circuit that resolves this issue. The State contends that the issue was resolved in *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1149 (11th Cir.1983). *Holmes*, however, did not decide this issue but, rather, discussed the role of class counsel when there is disagreement among members of the class on settlements.

There are essentially three reasons for holding that individual, non-named, class members do not have standing to appeal a final judgment binding on the class members. *First,* such individuals cannot represent the class absent the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. *Second,* class members who disagree with the course of a class action have available adequate procedures through which their individual interests can be protected. *Third,* class actions could become unmanageable and non-productive if each member could individually decide to appeal.

■ The procedures for class actions are carefully set forth in Fed.R.Civ.P. 23. Named plaintiffs and counsel cannot represent a class in federal litigation until the district court makes certain findings, including that they will fairly and adequately protect the interests of the class. Since no such finding has been made concerning the appellant here, he clearly has no standing to take any action on behalf of the class. The authorized representative parties have not appealed the final judgment.

■ A second reason for denying an appeal here is that non-named class members who disagree with the course of a class action have three avenues of relief:

First, such a class member has the option of making a motion in the district court to intervene as of right in the course of the class action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 24, Advisory Committee Note, 1966 Amendment; *Lelsz v. Kavanagh,* 710 F.2d 1040, 1043–44 (5th Cir.1983); *Woolen v. Surtran Taxicabs, Inc.,* 684 F.2d 324, 331–32 (5th Cir.1982). Intervention is a means whereby class members can monitor the representation of their rights. 7B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1786, at 196 (2ed. 1986); *Developments In The Law— Class Actions,* 89 Harv.L.Rev. 1318, 1491 (1976). The denial of a motion to intervene of right is appealable. *Sellers v. United States,* 709 F.2d 1469, 1471 (11th Cir.1983). In this case, however, Parrott did not move to intervene in the district court.

■ Second, it is recognized that under circumstances of inadequate representation, relief may be pursued in a collateral proceeding.

If no appeal is taken and the failure to pursue an appeal constitutes inadequate representation, other members of the class may certainly pursue relief in a collateral proceeding.

*Pettway,* 576 F.2d 1178 n. 19 (citing *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973)). The Advisory Committee recognized the availability of collateral proceedings in commenting on the right to intervene:

A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.

Fed.R.Civ.P. 24, Advisory Committee Note, 1966 Amendment.

Parrott's reliance on *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir.1973), as a basis for his direct appeal is misplaced. In *Cassidy,* individual class members took an appeal from the dismissal of a collateral proceeding, which they had initiated in the district court to test the adequacy of representation.

■ Third, although it does not apply to this Rule 23(b)(2) action, in a Rule 23(b)(3) action, an additional remedy for an individual class member who does not want to be bound by the litigation and final judgment is to opt-out of the class. Fed.R.Civ.P. 23(c)(2).

■ With these legal avenues available for individual class members, there is no need to permit an individual to appeal a judgment with which the class representatives, and presumably the majority of class members are satisfied.

A third reason for denying the right to appeal here lies in the rationale for permitting class actions. A fundamental purpose of the class action is to render manageable litigation that involves numerous members of a homogeneous class, who would all otherwise have access to the court through individual lawsuits. 7A C. Wright & A. Miller, *supra,* § 1751, at 8. A class cannot even be certified unless its members are so numerous that joinder is impracticable. Fed.R.Civ.P. 23(a)(1). If each class member could appeal individually, the litigation could become unwieldy. Thus, allowing direct appeals by individual class members who have not intervened in the district court would defeat the very purpose of class action lawsuits.

Parrott also contends that his appeal is properly before this Court since the district court did not afford him notice and an opportunity to object to entry of the judgment pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Since the district court's final order is not a consent decree, however, there is no merit to the contention that the district court was required to give individual class members notice and an opportunity to file objections pursuant to Rule 23(e). For this reason, there is also no merit to his contention that dissenters to a class action settlement may retain new counsel to appeal the district court's approval of a consent decree. *See Pettway,* 576 F.2d at 1180; *Cotton v. Hinton,* 559 F.2d 1326, 1329 (5th Cir.1977); *Flinn v. FMC Corp.,* 528 F.2d 1169, 1174 n. 19 (4th Cir.1975), *cert. denied,* 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 734 (1976).

For both these legal and policy reasons, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.