**CROYDEN ASSOCIATES, a Florida Partnership, Individually and on Behalf of all Those Similarly Situated, Plaintiff–Appellee,**

**The Harry and Jeanette Weinberg Foundation Incorporated, Plaintiff–Objector–Appellant,**

**v.**

**ALLECO, INC., Service America Corporation, Defendants–Appellees.**

**No. 91–2641.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1991.

Decided July 13, 1992.

Rehearing and Rehearing En Banc Denied Aug. 24, 1992.

---

Robert A. Brunig, Minneapolis, Minn., argued (Lawrence R. Commers and Tim A. Staum, on the brief), for appellant.

Steven Goldstone, New York City, argued (Robert P. Thavis, John M. Baker and Charles Quaintance, Jr., Minneapolis, Minn., on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The Harry and Jeanette Weinberg Foundation appeal the district court's order[1] approving the settlement of a class action suit pursuant to Fed.R.Civ.P. 23(e), in which the Foundation was an unnamed class member. The Weinberg Foundation objects to the settlement between the plaintiff class, represented by Croyden Associates, and Alleco, Inc. and Service America Corporation, the defendants. The Weinberg Foundation raises a number of arguments regarding justiciability, subject matter jurisdiction, Croyden Associates' standing to sue, a violation of the Trust Indenture Act of 1939, the adequacy of class representation, the certification of a non-opt-out class, adequacy of notice, and the fairness, reasonableness, and adequacy of the settlement. We need not address these arguments because we dismiss the Foundation's appeal for lack of standing.

Alleco issued $105 million in 9½% debentures to the public in August 1985. Through a series of transactions occurring in 1987 and 1988, Service America was to assume Alleco's obligations under the debentures. A controversy then arose as to whether the debentures had gone into default due to the transactions between Alleco and Service America. Prompted by Service America's deteriorating financial condition, a group of debenture holders, including Croyden Associates, organized a committee in July 1990 to negotiate a consensual restructuring of Alleco's and Service America's obligations to the debenture holders. After months of negotiations, the parties reached a tentative settlement on March 20, 1991. The agreement contemplated that its terms would be "effectuated by a court-approved class action settlement," and was contingent upon court approval of the settlement and certification of a non-opt-out class.

On May 14, 1991, Croyden Associates filed a complaint individually and on behalf of the putative class of debenture holders against Alleco and Service America, seeking the payment of principal and interest on the debentures as well as a declaration of the class's rights regarding the acceleration and payment of the debentures. The complaint also outlined the terms of the

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

proposed settlement between the parties and asked for a declaration that the settlement was fair, reasonable, and adequate. Croyden Associates also moved for conditional class certification under Fed.R.Civ.P. 23(b)(1) and (b)(2) for settlement purposes and approval of the form of notice to be sent to class members regarding the proposed settlement.

The district court granted Croyden Associates' class certification motion, approved the proposed form of notice, and scheduled a hearing for June 14, 1991, to consider the fairness of the proposed settlement to all class members. In the meantime, negotiations continued, leading to a formal settlement agreement on May 21, 1991, executed by Alleco, Service America, and the holders of more than two-thirds of the aggregate principal amount outstanding on the debentures.

The Weinberg Foundation, an unnamed class member, submitted written objections to the fairness of the settlement, appeared at the June 14 hearing, and made oral objections to the proposed settlement. The Weinberg Foundation made no attempt, however, to intervene in the action. No other class members objected to the proposed settlement.

The district court entered a final judgment on June 19, 1991, approving the settlement as "fair and adequate to the Class," and also granted related relief to the parties.[2] *Croyden Associates v. Alleco, Inc. & Service America Corp.*, No. 3–91–0323 (D.Minn. June 9, 1991).[3] The Weinberg Foundation then appealed.

■ While this appeal was pending, indeed, while the court was considering a draft of our opinion, Alleco's counsel notified us that it has sought protection under Chapter 11 of the Bankruptcy Act. Alleco is plainly entitled to a stay under 11 U.S.C.A. § 362(a)(1) (West Supp.1992), and we sought response of the other parties as

to the proper extent of that stay. The Weinberg Foundation argues that the stay should apply only to Alleco, and the case should proceed as to the other parties. Croyden Associates argues that the stay should apply to all proceedings. Service America takes no position as to whether Alleco is entitled to a stay, but argues that if the action is stayed as to Alleco, it should be stayed also as to Service America.

We are persuaded that the stay required by section 362 should extend only to claims against Alleco, and that the stay is not available to nonbankrupt codefendants, "even if they are in a similar legal or factual nexus with the debtor." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1992). *See also Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir.1984) (nothing in section 362 purports to extend automatic stay to claims against debtor's solvent co-defendants). The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in "'unusual circumstances.'" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). Decisions involving whether a stay is appropriate when a supersedeas bond has been filed or whether a party may move to dismiss an action commenced by a debtor do not reach the issue before us. We stay further proceedings in this appeal with respect to Alleco but decide the issues presented with respect to the remaining parties.

■ The Weinberg Foundation argues that its appearance at the fairness hearing and its filing of objections to the proposed settlement gives it standing to prosecute this appeal. The appellees contend that the Weinberg Foundation lacks standing to appeal the district court's approval of the consent decree because the Foundation failed to intervene in the action pursuant to Fed.R.Civ.P. 24. The appellees also make

---

**2.** The settlement agreement also provided for the dismissal of a separate lawsuit Alleco had brought against the indenture trustee in November 1987 to determine whether its sale of assets to Service America had released it from its obligations on the debentures.

**3.** On July 3, 1991, the district court made an amendment to its judgment that is not germane to this appeal.

the telling point that the Foundation benefited from the settlement, which preserved the viability of the corporate entities, and then attempted to gain full recovery on the debentures not available to the rest of the class by bringing this appeal.

This court has not ruled on whether an unnamed class member has standing to appeal from an order approving a settlement agreement between the named parties of a class action suit. In *Grunin v. International House of Pancakes*, 513 F.2d 114 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975), a class member who opposed a court-approved settlement agreement appealed the settlement without objection from the named parties. *Id.* at 120. *Grunin* is silent as to whether the objector was a named party, or whether he had intervened in the suit. Because of this ambiguity, and because no one raised the issue of standing on appeal, *Grunin* gives us no guidance for the issue we face. *See also Reynolds v. National Football League*, 584 F.2d 280 (8th Cir.1978) (named parties did not raise standing issue when objector appealed from class action settlement).

The circuits are divided on this issue, and some have inconsistent holdings. The Eleventh Circuit has held that "a class member who is not a named plaintiff[ ] does not have standing to appeal the final judgment in [a] class action." *Guthrie v. Evans*, 815 F.2d 626, 627 (11th Cir.1987). *Guthrie* gave three reasons for its holding:

First, such individuals cannot represent the class absent the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. *Second*, class members who disagree with the course of a class action have available adequate procedures through which their individual interests can be protected. *Third*, class actions could be unmanageable and nonproductive if each member could individually decide to appeal.

*Id.* at 628 (emphasis in original).

*Guthrie* expands upon the first reason above by explaining that the named plaintiffs cannot represent a class until the district court makes findings "that they will fairly and adequately protect the interests of the class." *Id.* Because there had been no such findings made regarding the nonnamed plaintiffs, the court held that they "clearly ha[d] no standing to take action on behalf of the class." *Id.*

*Guthrie* outlined three alternative avenues of relief for a class member who is unsatisfied with the class settlement. First, the objector may move to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2), *id.*, and the district court's denial of the motion to intervene of right is appealable. *Id.* (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir.1983)). Second, the objector may collaterally attack the settlement approval by filing a separate suit challenging the adequacy of the class representation. 815 F.2d at 628. Third, if the class is certified under Rule 23(b)(3), the individual class member may opt out. *Id.* With these legal avenues available, *Guthrie* concluded there was no need to allow a class member to appeal a judgment satisfactory to the class representatives and presumably the majority of class members. *Id.*

Finally, *Guthrie* looked to the rationale for class actions: namely, to render manageable litigation involving numerous class members who otherwise would all have access to the court through individual lawsuits. *Id.* at 629. If each class member could appeal individually, the litigation would become "unwieldy," and the purpose of class actions would be defeated. *Id. See also Shores v. Sklar*, 844 F.2d 1485, 1491 (11th Cir.1988) (relying on *Guthrie*, court states that unnamed class member has no standing to appeal final judgment when named plaintiff does not appeal), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990) (subsequent history omitted). *But see In re Dennis Greenman Sec. Litig.*, 829 F.2d 1539, 1542 (11th Cir.1987) (although court stated that class member may preserve appeal from class settlement by objecting to terms of settlement, none of the parties raised issue of standing or the *Guthrie* decision, decided

some six months earlier).[4]

The Fifth Circuit followed *Guthrie* in *Walker v. City of Mesquite,* 858 F.2d 1071 (5th Cir.1988). The court held that unnamed members of a certified plaintiff class lacked standing to challenge a consent decree that the district court had ordered approving a settlement between the named parties. *Id.* at 1072. The court held that the objectors' alternative avenues of relief were to either move to intervene or to bring a separate suit in district court challenging the adequacy of the class representation. *Id.* at 1073–74. *See also Baylor v. United States Dep't of Housing & Urban Dev.,* 913 F.2d 223, 225 (5th Cir. 1990); *But see Kincade v. General Tire & Rubber Co.,* 635 F.2d 501, 504 (5th Cir. 1981) (unnamed class member who objected to settlement appealed consent decree without opposition on basis of standing).

*Guthrie* found support for its holding in *Marino v. Ortiz,* 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988), in which a consent decree approving the settlement of a Title VII lawsuit was challenged by individuals who were not parties to the underlying litigation. The certified class represented Hispanic police officers who claimed that a civil service examination they were required to take caused a disparate impact in promotion decisions. *Hispanic Soc'y v. New York City Police Dep't,* 806 F.2d 1147, 1151 (2d Cir.1986). A group of police officers appealed the settlement eventually reached between the class and the city. The Supreme Court affirmed the dismissal of the appeal, stating:

> [W]e hold that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement.... We think the better practice is for such a nonparty to seek intervention for purposes of appeal;

denials of such motions are, of course, appealable.

*Marino,* 484 U.S. at 304, 108 S.Ct. at 587–88.

The Supreme Court was referring to officers who had filed objections to the settlement, and whose counsel was allowed to speak at the hearing and argue against the proposed settlement. *See Hispanic Soc'y,* 806 F.2d at 1152, 1153. While they were not unnamed class members, they were in a position similar to the Weinberg Foundation in that they were objecting to the approval of a settlement of the class action. We agree with *Guthrie* that *Marino* provides substantial support for holding that unnamed class members who object to a settlement must move to intervene, and they will be denied standing to appeal when they have not done so.

The Seventh Circuit has followed a different path. In *Research Corp. v. Asgrow Seed Co.,* 425 F.2d 1059 (7th Cir.1970), the court stated that "[i]f a class member intervenes or even appears in response to a notice pursuant to Fed.R.Civ.P. 23(e) and objects to the dismissal or compromise, he has a right to appeal from an adverse final judgment." *Id.* at 1060 (citations omitted). The court cautioned in a footnote, however, that "the failure of the appellants to formally intervene after receiving notice under Rule 23(e), before final judgment forecloses their right to appeal." *Id.* at 1060 n. 2. Later cases have ignored this footnote and have relied on the text of *Research Corp.* to perpetuate the rule that an unnamed class member-objector may appeal from a class action judgment. *See, e.g., Armstrong v. Board of Sch. Directors,* 616 F.2d 305, 327 (7th Cir.1980) (quoting text of *Research Corp.); Patterson v. Stovall,* 528 F.2d 108, 109 n. 1 (7th Cir.1976) (objecting class members have standing to appeal settlement agreement).[5]

---

**4.** Interestingly, Judge Hill of the Eleventh Circuit sat on both the *Guthrie* and *Greenman* cases.

**5.** A more recent Seventh Circuit case, *Bash v. Firstmark Standard Life Insurance Co.,* 861 F.2d 159 (7th Cir.1988), considered the appeal of three unnamed class members who objected to

and appealed from a settlement. *Id.* at 160. Their attorney had also represented the settling plaintiff class and negotiated the court-approved settlement. *Id.* The thrust of the appeal is directed to counsel's action, and standing does not seem to have been raised. On petition for rehearing, however, the court cited *Guthrie,*

Several circuits have allowed an appeal from a class action judgment without intervention, but they have not faced the issue of standing. In *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir.1971), the court stated, "Ordinarily, aggrieved class members may appeal any final order of a district court in proceedings held pursuant to Rule 23. This general proposition holds true even though such class members have the right to exclude themselves from the class." *Id.* at 32. In *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977), appellants were unnamed class members who appealed from the court's approval of the class action settlement. *Id.* at 1176. The Ninth Circuit stated that the appellants had legal rights affected by the settlement and had standing to sue. *Id.*[6] *See also In re Cement Antitrust Litig.*, 688 F.2d 1297, 1309 (9th Cir.1982) (court states in dicta that Rule 23 allows class member to appeal from order approving settlement to which member objects), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983); *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1299 (9th Cir.1981) (citing *Research. Corp.*, court states that dissatisfied class member could have challenged settlement by direct appeal).

We have set out in some detail the reasoning articulated in *Guthrie*. We believe that *Guthrie* and *Walker* are persuasive authority and we see no decision that has pointed to a flaw in their analysis. Indeed, most of the cases advocating a contrary rule were decided before *Guthrie* and *Walker*. We believe it is particularly appropriate to require intervention as a condition for appeal when a class member's challenge to the adequacy of a settlement is contrary to the view of all the other class members. This is such a case. We also believe that by requiring intervention as a condition of an appeal, the effect is to channel into one line of litigation all issues of the class action settlement. This will avoid the bifurcation that would result from dismissal of the appeal on a standing basis, followed by an independent action by the challenging class member.

We realize that the Weinberg Foundation could not have opted out of the class under Fed.R.Civ.P. 23(b)(1) and (b)(2). We also recognize that both *Guthrie* and *Walker* refer to the right of individual nonnamed class members to file a separate suit challenging the adequacy of class representation. *Walker*, 858 F.2d at 1074–75; *Guthrie*, 815 F.2d at 628. In arguing the appeal before us, the parties seem to assume that other avenues of collateral attack were open. We express the thought that intervention to allow assertion of all objections to a class settlement, with respect to the settlement itself and adequacy of class representation, represents a preferable method of resolving such differences. We need not consider whether intervention is necessary to assert a claim of inadequacy of class representation, and we will leave consideration of this question for another day.

We dismiss the Weinberg Foundation's appeal against Croyden Associates and Service America for lack of standing and stay further proceedings in this appeal with respect to Alleco.

---

*Shores,* and *Walker,* and made clear that the parties had not brought these cases to the court's attention. *Id.* at 164. Because the principle of these cases had no practical consequences on the court's decision, the court made no further comment on standing. *Id.*

6. The appellees had argued that the appellants lacked standing, not because the appellants failed to intervene in the suit, but because they were not members of the plaintiff class. *Marshall,* 550 F.2d at 1176.