VOLANTE et al.; Bufford, Appellant,

v.

HARDING BUSINESS COLLEGE et al., Appellees.

[Cite as *Volante v. Harding Business College* (1992), 83 Ohio App.3d 548.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61205.

Decided Nov. 9, 1992.

*Andrew L. Johnson* and *Cheryl A. Haynes,* for appellant.

*Harold L. Williams* and *Susan Morganstern,* for plaintiffs-appellees.

*Mary Adele Springman, David G. Hill, Paul S. Lefkowitz, Anthony J. Garofoli* and *Carol B. Adelstein,* for appellees.

MATIA, Chief Judge.

Appellant, Gloria A. Bufford, appeals from a judgment rendered by the Cuyahoga County Court of Common Pleas which approved a class action settlement.

The appellant, however, does not have standing to appeal the final judgment which was rendered in this class action.

On November 30, 1988, Elvira Paolella Volante, Cynthia Wood and Marilyn Nix filed a class action suit in the Cuyahoga County Court of Common Pleas against defendants-appellees Harding Business College, Mansfield Business College,

Careercom Corp., and American Career Institute, Inc. The complaint involved a class action for declaratory and injunctive relief as a result of the appellees' violation of consumer protection laws.[1] The complaint alleged that the appellees had provided deficient educational instruction which in turn prevented employment following graduation. During the pendency of the action, several other students were added as party-plaintiffs by way of a Civ.R. 24 motion to intervene.

On September 14, 1990, the plaintiffs and the appellees entered into a "stipulation of proposed settlement." On September 22, 1990, notice of the proposed settlement was sent to all potential members of the class. The notice sent to the potential class members provided that (1) the settlement fund consisted of $10,000; (2) the distributive share to be received by each class member was dependent upon the total number of class participants; (3) the acceptance of the settlement would bar any other claims against the defendants; (4) the potential class member could either share in the settlement or be excluded; (5) response forms were attached to the notice of settlement; (6) all response forms were to be submitted to the court by November 1, 1990; (7) class members could make an appearance through their own attorney or through the plaintiffs' attorney; and (8) a hearing to review the "stipulation of proposed settlement" and to entertain potential objections was scheduled for November 14, 1990 at 9:30 a.m.

On November 8, 1990, written objections to the "stipulation of settlement" were entered by party-plaintiffs Girolamo, Phillips and Foster. The appellant did *not* file written objections.

On December 19, 1990, the trial court journalized a judgment which certified the class and approved the "stipulation of proposed settlement."

On January 18, 1991, the appellant filed a motion for appearance of counsel and leave to file objections to the settlement as approved by the trial court. In addition, the appellant also filed a notice of appeal with regard to the settlement as approved by the trial court.

The appellant has raised two assignments of error in the present appeal. This court, however, shall not entertain the present appeal since the appellant does not possess standing to appeal the final judgment of the trial court.

In *Guthrie v. Evans* (C.A.11, 1987), 815 F.2d 626, the Eleventh Circuit addressed the issue of a non-named class member's standing to raise a direct appeal from the final judgment rendered by a trial court and held that:

---

1. The putative class consisted of all persons who enrolled in the Harding Business College between December 1, 1986 and December 31, 1988.

"There are essentially three reasons for holding that individual, non-named, class members do not have standing to appeal a final judgment binding on the class members. *First,* such individuals cannot represent the class absent the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. *Second,* class members who disagree with the course of a class action have available adequate procedures through which their individual interests can be protected. *Third,* class actions could become unmanageable and non-productive if each member could individually decide to appeal. [Emphasis *sic.*]

"The procedures for class actions are carefully set forth in Fed.R.Civ.P. 23. Named plaintiffs and counsel cannot represent a class in federal litigation until the district court makes certain findings, including that they will fairly and adequately protect the interests of the class. Since no such finding has been made concerning the appellant here, he clearly has no standing to take any action on behalf of the class. The authorized representative parties have not appealed the final judgment.

"A second reason for denying an appeal here is that non-named class members who disagree with the course of a class action have three avenues of relief:

"First, such a class member has the option of making a motion in the district court to intervene as of right in the course of the class action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 24, Advisory Committee Note, 1966 Amendment; *Lelsz v. Kavanagh,* 710 F.2d 1040, 1043–44 (5th Cir.1983); *Woolen v. Surtran Taxicabs, Inc.,* 684 F.2d 324, 331–32 (5th Cir.1982). Intervention is a means whereby class members can monitor the representation of their rights. 7B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1786, at 196 (2 ed. 1986); *Developments In The Law— Class Actions,* 89 Harv.L.Rev. 1318, 1491 (1976). The denial of a motion to intervene of right is appealable. *Sellers v. United States,* 709 F.2d 1469, 1471 (11th Cir.1983). In this case, however, Parrott did not move to intervene in the district court.

"Second, it is recognized that under circumstances of inadequate representation, relief may be pursued in a collateral proceeding.

" 'If no appeal is taken and the failure to pursue an appeal constitutes inadequate representation, other members of the class may certainly pursue relief in a collateral proceeding.'

"*Pettway* [*v. American Cast Iron Pipe Co.*], 576 F.2d [1157] 1178 n. 19 [ (5th Cir.1978) ] (citing *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir.1973)). The Advisory Committee recognized the availability of collateral proceedings in commenting on the right to intervene:

" 'A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.'

"Fed.R.Civ.P. 24, Advisory Committee Note, 1966 Amendment.

"Parrott's reliance on *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir.1973), as a basis for his direct appeal is misplaced. In *Cassidy,* individual class members took an appeal from the dismissal of a collateral proceeding, which they had initiated in the district court to test the adequacy of representation.

"Third, although it does not apply to this Rule 23(b)(2) action, in a Rule 23(b)(3) action, an additional remedy for an individual class member who does not want to be bound by the litigation and final judgment is to opt-out of the class. Fed.R.Civ.P. 23(c)(2)." *Guthrie v. Evans, supra,* 815 F.2d at 628. See, also, *Walker v. Mesquite* (C.A.5, 1988), 858 F.2d 1071.

This court finds the reasoning of *Guthrie* and *Walker* to be most persuasive and thus holds that a non-named class member does not possess the standing which is required to appeal the final judgment of the trial court.

The appellant's appeal is dismissed for a lack of jurisdiction.

*Appeal dismissed.*

JOHN F. CORRIGAN and JOHN V. CORRIGAN, JJ., concur.

. JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.