**UNITED STATES of America, Plaintiff,**

**Sidney Williams, et al., Plaintiff–Intervenors,**

**v.**

**The CITY OF MONTGOMERY, ALABAMA, et al., Defendants,**

**Gordon M. Ledbetter and John D. Shumway, Defendant–Intervenors.**

**Carolyn JORDAN, etc., et al., Plaintiffs,**

**Sandra M. Pierce–Hanna, et al., Plaintiff–Intervenors,**

**v.**

**John WILSON, etc., et al., Defendants,**

**Gordon M. Ledbetter and John D. Shumway, Defendant–Intervenors.**

Civ. A. Nos. 3739–N, 75–19–N.

United States District Court, M.D. Alabama, Northern Division.

April 25, 1995.

J. Richard Cohen, Southern Poverty Law Center, Montgomery, AL, for plaintiffs Carolyn Jordan, et al.

Robert C. Black, Randall C. Morgan, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for all defendants except Wade L. Moss and Montgomery City–County Personnel Bd.

Robert D. Segall, Copeland, Franco, Screws & Gill, Montgomery, AL, for Wade L. Moss and Montgomery City–County Personnel Bd.

M. Wayne Sabel, Argo, Enslen, Holloway & Sabel, Montgomery, AL, for Pierce & Oyler.

Thomas M. Goggans, Montgomery, AL, for white male police officers of City of Montgomery & Ledbetter intervenors.

Marybeth Martin, Philip Eure, Employment Litigation Section, Civil Rights Div., Dept. of Justice, Washington, DC, for plaintiff U.S.

Randall C. Morgan, Montgomery, AL, for City of Montgomery.

Donald Watkins, Montgomery, AL, Kenneth L. Thomas, Massey, Means & Thomas, Montgomery, AL, for plaintiff-intervenor Williams, et al.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Pending before the court is a motion filed on March 10, 1995 by B.T. James III, an apparent member of the plaintiff-intervenor class of black officers in the City of Montgomery Police Department, to "fire" Mr. Kenneth Thomas as class counsel for the Williams class and to appoint Mr. Ben Hand as the black officers' class counsel. For the reasons discussed below, the court concludes that the motion should be denied.

## I. BACKGROUND

On December 23, 1987, this court entered an order in *United States v. City of Montgomery*, civil action no. 3739–N, appointing the Hon. Donald V. Watkins to represent the interests of black police officers of the City of Montgomery, Alabama in the court-ordered process of developing and implementing a new promotion system for the city's police department. On January 19, 1988, the court entered an order which stated "[t]hat the class of black officers represented by Mr. Watkins is allowed 35 days to come forward with one or more named class representatives to intervene in this litigation and to represent and pursue the interests of the class." *Sims v. Montgomery County Commission*, 686 F.Supp. 878, 883 (M.D.Ala.1988) In response to this order, on February 18, 1988, Sidney Williams, Edward McCurdy, Frank L. Brown, and William Dunn filed a motion to intervene as plaintiffs. The court granted the motion on March 1, 1988. On July 14, 1988, Mr. Kenneth Thomas appeared as co-counsel for the Williams intervenors.

## II. DISCUSSION

In *Guthrie v. Evans*, 815 F.2d 626, 628 (11th Cir.1987), the Eleventh Circuit Court of Appeals stated that class members, who are not named parties to a lawsuit—that is, are "non-named" class members—do not have standing to appeal a final judgment binding on the class members absent having first intervened and then followed the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. Rule 23 provides that plaintiffs and counsel cannot represent a class in federal litigation until the district court makes certain findings, including that they will fairly and adequately protect the interests of the class. *Id.; see also Gottlieb v. Wiles*, 11 F.3d 1004, 1008 (10th Cir.1993); *Croyden Associates v. Alleco, Inc.*, 969 F.2d 675, 678 (8th Cir.1992); *In re VMS Limited Partnership Securities Litigation*, 976 F.2d 362, 368 (7th Cir.1992).

The same logic applied by the Eleventh Circuit in *Guthrie* to the issue of whether a non-named class member had standing to appeal a final judgment applies to the issue presently before the court, of whether a non-named class member has standing to seek removal of the legal counsel appointed to represent his class and appointment of new class counsel. Because James, a nonparty to this litigation, has not sought intervention and has not requested the appropriate findings under Rule 23 that he will be an adequate class representative, James' motion to discharge class counsel must be denied.

Accordingly, it is the ORDER of the court that the motion to "fire" Kenneth Thomas as class counsel for the Williams class, filed on March 10, 1995 by class member B.T. James III, is hereby denied.