704 So.2d 200 (1998)
CONCERNED CLASS MEMBERS, Appellants,
v.
SAILFISH POINT, INC., Mobil Land Development Corp., Sailfish Point Marina Corporation, Sailfish Point Utility Corporation, and Sailfish Property Owners and Country Club Association, Inc., Sailfish Point Owners Representatives by Jeff Jaffe, Chairman, Harold Hansen, Vice Chairman, and Michael Delcollo, Member, Appellees.
No. 96-3986.
District Court of Appeal of Florida, Fourth District.
January 7, 1998.
*201 Stevan J. Pardo and Elissa Gainsburg of Zarco & Pardo, P.A., Miami, and Laurence S. Fordham, Stuart, for appellants.
Noel A. Bobko of McCarthy, Summers, Bobko, McKey, Wood & Sawyer, P.A., Stuart, James N. Krivok of St. John, King & Dicker, West Palm Beach, Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellees.

ON MOTION TO DISMISS
POLEN, Judge.
Prior to approval of a settlement agreement ending class action litigation between the 524 residents of the Sailfish Point development and the developer, Mobil Land Development Corporation, a group of fourteen class members calling themselves "Concerned Class Members" sought to be named as additional party plaintiffs and to intervene in the litigation as a subclass. The trial court denied their motion; however, it allowed the Concerned Class Members to be heard on a distinct motion seeking to put the proposed settlement to a vote of Sailfish Point residents. The Concerned Class Members did not pursue their motion to intervene any further, nor did they appeal the trial court's denial of that motion.
The trial court allowed the residents to vote on the proposed settlement agreement, and a majority of those residents who voted approved the settlement. The Concerned Class Members were allowed to participate in further discovery and to be heard during the final hearing, after which the court approved the settlement agreement. Twelve of the fourteen Concerned Class Members filed a notice of appeal from the order approving the settlement, and appellees Sailfish Point Owners' Representatives and Sailfish Property Owner's and County Club Association, Inc., filed a motion to dismiss. We grant the motion and dismiss this appeal.
Appellees' motion to dismiss raises an issue of first impression for Florida state courts: whether individual, non-named class members who have not formally intervened in a class action have standing to appeal a final judgment binding on all class members. Florida's Class Action rule, Florida Rule of Civil Procedure 1.220, is based on Federal Rule of Civil Procedure 23, and this court may look to federal cases as persuasive authority in the interpretation of rule 1.220. Broin v. Philip Morris Companies, Inc., 641 So.2d 888, 889 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995).
Federal courts addressing this issue are split, with the Eleventh Circuit joining the majority of federal courts in holding non-named class members must intervene formally in the class action to gain standing to appeal. Guthrie v. Evans, 815 F.2d 626, 628 (11th Cir.1987). In Guthrie the court stated three reasons underlying its holding:
First, such individuals cannot represent the class absent the procedures provided for in Rule 23 of the Federal Rules of Civil Procedure. Second, class members who *202 disagree with the course of a class action have available adequate procedures through which their individual interests can be protected. Third, class actions could become unmanageable and non-productive if each member could individually decide to appeal.
Id.
We adopt the holding in Guthrie which supports dismissal because the Concerned Class Members did not intervene below, nor did they appeal the trial court's denial of their motion to establish a subclass. See Gottlieb v. Wiles, 11 F.3d 1004 (10th Cir. 1993); Croyden Assocs. v. Alleco, Inc., 969 F.2d 675 (8th Cir.1992); Walker v. City of Mesquite, 858 F.2d 1071 (5th Cir.1988).
The Concerned Class Members argue the trial court's conduct in allowing them to be heard and to participate in discovery prior to the final hearing, without objection by any party, somehow cured or waived their lack of standing to appeal. They rely on prior case law approved in Shults v. Champion International Corp., 35 F.3d 1056 (6th Cir.1994). The court in Shults recognized the majority rule regarding a non-named class member's lack of standing to appeal absent formal intervention, rejecting that rule in favor of allowing a class member to acquire standing to appeal when the member is "haled into court, `like a defendant who is summoned by process of court....'" Id. at 1060. The Shults court ultimately concluded the objecting class members were not haled into court as were class members who responded to a show cause order, and whose appearance was "of a mandatory nature," and it dismissed the non-named class members' appeal. Id. at 1061.
Even were we to reject the majority rule as stated in Guthrie in favor of the more liberal rule approved in Shults, we would dismiss the instant appeal. The Concerned Class Members were not "haled into court" nor was their appearance "of a mandatory nature." They voluntarily appeared and were allowed to participate in compliance with rule 1.220, which requires notice and hearing on any compromise of the claim.
Under the circumstances present here, where the Concerned Class Members did not further pursue intervention, the named parties should be entitled to presume the Concerned Class Members would be precluded from appealing the order approving the settlement agreement. This appeal is dismissed.
STEVENSON and GROSS, JJ., concur.