714 So.2d 1146 (1998)
Juanita V. RAMOS, et al., Appellants,
v.
PHILIP MORRIS COMPANIES, INC., etc., et al., Appellees.
Nos. 98-569, 98-513, 98-418, 98-397 and 98-389.
District Court of Appeal of Florida, Third District.
July 22, 1998.
Lawrence W. Schonbrun, Berkeley, CA; Nicolas J. Gutierrez, Jr., Miami; Eric G. Olsen, Jensen Beach; Robert W. Pearce, Fort Lauderdale; Alan B. Morrison, Washington, DC; Richard Bennett, Coral Gables; Humphrey Farrington & McClain, Independence, MO; Ben Barnow, Chicago, IL; Stuart Wechsler, New York City; Brian Wolfman, Washington, DC, for appellants.
Stanley M. Rosenblatt and Susan Rosenblatt, Miami, for appellees the Broin Class.
*1147 Jones, Day, Reavis & Pogue and Hugh R. Whiting, Cleveland, OH, for appellee R.J. Reynolds Tobacco, Co.
Shook, Hardy & Bacon and David Hardy and Walter L. Cofer, Kansas City, MO, for appellee Philip Morris and Lorillard.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and David L. Ross, Miami, for appellee Lorillard, Inc.
Coll, Davidson, Carter, et al., Miami, for appellee Philip Morris, Inc.
Carlton, Fields and Douglas J. Chumbley, Miami, for appellee R.J. Reynolds Tobacco Co.
Clarke, Silvergate, Williams & Montgomery and Mercer K. Clarke, Miami, for appellee Liggett Group, Inc. and Brooke Group, Ltd.
Anderson, Moss, Sherouse & Petros and Edward A. Moss, Miami, for appellee Brown & Williamson Tobacco Corp.
Arno Kutner, Miami, appellee Guardian Ad Litem.
John B. Ostrow, Miami, Attorney Ad Litem.
Before FLETCHER, SHEVIN and SORONDO, JJ.

On Motion to Dismiss
PER CURIAM.
The question presented is whether a class member who unsuccessfully objects to a class action settlement must intervene as a party in order to appeal the judgment approving the settlement. We conclude that the objecting class member must move to intervene, which can be done after judgment. So long as the objector is a class member and presented a timely objection to the proposed settlement, intervention must be granted for purposes of appeal. Where, as here, the motion to intervene is denied, the objector may appeal the order denying intervention as well as the final judgment.
The underlying class action was brought by the individual appellees on behalf of current and former flight attendants who suffered exposure to secondhand tobacco smoke in airline cabins. See Broin v. Philip Morris Cos., Inc., 641 So.2d 888 (Fla. 3d DCA 1994). The defendants are the appellee tobacco companies. A class was certified.
A settlement was reached and notice to class members was issued as prescribed by Florida Rule of Civil Procedure 1.220. A number of class members filed objections and motions to intervene, and objectors' counsel appeared at the hearing below. The trial court denied intervention, overruled the objections, approved the settlement, and several days later, entered final judgment. In these consolidated appeals, the objectors challenge the settlement and the denial of intervention.
As a preliminary matter, the class plaintiffs' motion to dismiss the appeal of Mary Ann Wahl, Debra J. Williams, and Carolyn Burns is unopposed and is granted.[1]
With respect to the remaining objectors, the class plaintiffs contend that the objectors have no standing because they are not named parties to the action. The class plaintiffs rely primarily on Concerned Class Members v. Sailfish Point, Inc., 704 So.2d 200 (Fla. 4th DCA 1998), and Guthrie v. Evans, 815 F.2d 626 (11th Cir.1987). We agree with the Fourth District that "non-named class members must intervene formally in the class action to gain standing to appeal." Concerned Class Members, 704 So.2d at 201; see also Marino v. Ortiz, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988); In re Brand Name Prescription Drugs Antitrust Litig., 115 F.3d 456, 457-58 (7th Cir.1997); Shults v. Champion Int'l Corp., 35 F.3d 1056, 1061 (6th Cir.1994); Gottlieb v. Wiles, 11 F.3d 1004, 1012 (10th Cir.1993); Croyden Assocs. v. Alleco, 969 F.2d 675, 679-80 (8th Cir.1992); Walker v. City of Mesquite, 858 F.2d 1071, 1074-75 (5th Cir.1988); Guthrie, 815 F.2d at 627-28.[2]But *1148 see Carlough v. Amchem Prods., Inc., 5 F.3d 707, 710-14 (3d Cir.1993) (declining to entertain appeal from order denying intervention because objecting class members would be allowed to appeal without intervention). See generally James W. Moore, Moore's Federal Practice § 23.86[2] (3d ed.1998). Here the objectors moved to intervene, but the motions were denied.[3]
The fact that the trial court denied the motions to intervene does not bar this appeal. In Florida, the right to appeal is constitutionally protected. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104 (Fla.1996). As the Second District Court of Appeal said in denying a motion to dismiss an appeal in a similar case, "We cannot conceive a situation in which a trial judge can, under our Constitution, render his final disposition of a case appealable or not according to which party succeeds there." Bohannon v. McGowan, 222 So.2d 60, 61 (Fla. 2d DCA 1969). The objecting class members are entitled to be heard because they will be bound by the judgment. See Marshall v. Holiday Magic, Inc., 550 F.2d 1173, 1176 (9th Cir.1977); 7B Charles A. Wright et al., Federal Practice and Procedure § 1799, at 441 (2d ed.1986).
"Class members ... can move to intervene (if they want, for the limited purpose of being able to appeal) and if their motion is denied they can appeal from that denial...." Brand Name Prescription Drugs, 115 F.3d at 458; see Marino, 484 U.S. at 304, 108 S.Ct. 586 (stating that denials of motions to intervene in class action "are, of course, appealable."). Leave to intervene should be freely granted for purposes of appeal provided that the objector is a class member and objected to the settlement in the trial court.
Where objectors seek intervention in order to appeal and intervention is denied, the appropriate procedure is to appeal both the final judgment and the order denying intervention. See Walker, 858 F.2d at 1074-75. If on appeal it is shown that the trial court erred by denying intervention, the appellate court will then consider the merits of the challenge to the settlement.
In the present case, all objectors except Lee[4] moved to intervene and received orders denying intervention. They have appealed the orders denying intervention as well as the final judgment. As to those objectors, the motion to dismiss is denied. The objectors must, of course, address as a point on appeal whether the trial court erred in denying their motions to intervene.
Objector Lee presents a special case. Eighteen days after judgment, Lee simultaneously filed in the trial court a motion to intervene and a notice of appeal. It is permissible for an unsuccessful objector to move to intervene after judgment in order to be able to appeal. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 395-96, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). A motion is timely when filed "within the time period in which the named plaintiffs could have taken an appeal." Id. at 396, 97 S.Ct. 2464. Lee filed her motion timely, but then filed the notice of appeal without obtaining a ruling on the motion to intervene.[5] We relinquish jurisdiction *1149 to the trial court for thirty days for a ruling on the motion to intervene.[6]
For the reasons stated, the motion to dismiss appeal is granted as to Mary Ann Wahl, Debra J. Williams, and Carolyn Burns, and denied as to the remaining objectors.
NOTES
[1] Voluntary dismissals have previously been taken on behalf of Dixie Daniels and Kimberly Hooker.
[2] One writer suggests that the federal Eleventh Circuit does not follow the rule just stated in cases of class action settlement. See Timothy A. Duffy, Comment, The Appealability of Class Action Settlements by Unnamed Parties, 60 U. Chi. L.Rev. 933, 942 (1993). The writer reads the decision in In re Dennis Greenman Securities Litigation, 829 F.2d 1539 (11th Cir.1987), as holding that a class action objector need only "object to either the terms of the settlement or to the nature of the class certification," id. at 1542 (citation omitted), but need not intervene. See Duffy, supra, at 942. The writer misreads Greenman. In Greenman, the objectors were "the Baer plaintiffs," 829 F.2d at 1542 (emphasis added), whose lawsuit had been consolidated with the class action. See id. at 1541. The Baer plaintiffs were, as stated, plaintiffs and already had the status of parties to the litigation. No issue regarding intervention was presented or discussed in Greenman.
[3] We disagree with class plaintiffs' claim that there was no motion to intervene for Paule Mohr. The record shows an ore tenus motion to intervene and a written order of denial.
[4] We exclude from this discussion the already-dismissed appellants.
[5] According to Judge Padovano, "Rule 9.020(h)(3) provides that the filing of a notice of appeal constitutes an abandonment of a pending motion that would otherwise suspend rendition of the final order." Philip J. Padovano, Florida Appellate Practice § 2.4, at 38 (2d ed.1997) (footnote omitted); see also Kennedy v. Alberto, 649 So.2d 286, 288 (Fla. 4th DCA 1995). However, a motion to intervene is not a motion that suspends rendition.
[6] If intervention is denied, a notice of appeal must be filed.