# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1729

_____

| | | |
|---|---|---|
| Sav-A-Trip, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Jordan M. Belfort, | * | |
| | * | |
| Defendant-Appellant. | * | Appeals from the United States |
| | * | District Court for the |
| Daniel M. Porush; Kenneth S. Greene, | * | Western District of Missouri |
| Christopher F. Castaldo, | * | |
| | * | |
| Defendants. | * | |

_____

No. 98-1871

_____

| | | |
|---|---|---|
| Sav-A-Trip, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Jordan M. Belfort; Daniel M. | * | |
| Porush, | * | |
| | * | |
| Defendants. | * | |
| | * | |

Kenneth S. Greene,                    *
                                       *
        Defendant-Appellant.           *
                                       *
Christopher F. Castaldo,               *
                                       *
        Defendant.                     *

_____

Submitted:  November 19, 1998

Filed:   January 8, 1999
_____

Before McMILLIAN, WOLLMAN and HANSEN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

Jordan M. Belfort and Kenneth S. Greene appeal from a final order entered in the United States District Court[1] for the Western District of Missouri confirming an arbitration award against them and several co-defendants[2] and denying their motions to vacate the award. See Sav-A-Trip, Inc. v. Stratton Oakmont, Inc., Docket No. 96-1251-CV-W-1(W.D. Mo. Dec. 30, 1997) (District Court Order) (hereinafter "Slip Op."). Jurisdiction was proper in the district court based upon 28 U.S.C. § 1332. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. We review district court

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]Co-defendants included: Stratton Oakmont, Inc. (appellants' employer), and Daniel M. Porush, Matthew L. Bloom, and Christopher F. Castaldo (appellants' co-workers).  None of these co-defendants is a party to this appeal.

decisions to confirm arbitration awards de novo, reviewing findings of fact for clear error. See Witzman v. Gross, 148 F.3d 992, 998 (8th Cir. 1998). For the reasons stated below, we affirm the order of the district court.

Appellee Sav-A-Trip, a corporation which operates a chain of convenience stores in Kansas and Oklahoma, commenced arbitration proceedings before the National Association of Securities Dealers (NASD) against Stratton Oakmont, a New York brokerage firm, and five of its employees, including appellants Belfort and Greene (collectively "defendants"). In its complaint, Sav-A-Trip accused defendants of fraud, misrepresentation, negligence, and breach of contract. After a five-day evidentiary hearing and after appellee filed notice that defendants had defaulted settlement discussions, the arbitration panel held the defendants jointly and severally liable for $712,000 in actual damages, $15,000 in punitive damages, and $12,850 in filing and forum fees.[3] Three of the defendants appealed directly to NASD to withdraw the award, but NASD declined to do so. Sav-A-Trip filed a motion to confirm the arbitration award in United States district court. Appellants and defendant Porush opposed the motion to confirm, and the court filed default judgment against Stratton Oakmont, Bloom, and Castaldo who submitted no response. Subsequently, defendant Bloom filed for bankruptcy and Stratton Oakmont became subject to liquidation under the Securities Investor Protection Act (SIPA). The bankruptcy and SIPA liquidation automatically stayed Sav-A-Trip's action against defendants Bloom and Stratton Oakmont, respectively. On December 30, 1997 the District Court entered an order confirming the award against all defendants but Stratton Oakmont and Bloom; on February 7, 1998 it issued an order awarding Sav-A-Trip interest on the award.

For reversal, appellants advance three arguments: (1) the district court erred in holding them liable for Sav-A-Trip's damages because they were not controlling

---

[3]The award also ordered Stratton Oakmont to pay the NASD Regulation Office the NASD member surcharge of $500 and postponement fees of $1,000.

persons, as defined in the Kansas Securities Act applied in arbitration, and had no knowledge of any fraudulent activity with Sav-A-Trip's account; (2) the district court erred in holding that appellants' rights were not prejudiced by the fact that the arbitrators issued a decision before receiving appellants' reply brief; and (3) the district court erred in refusing to extend to them the bankruptcy automatic stay enjoyed by defendants Stratton Oakmont and Bloom. Appellant Greene additionally argues that the district court erred in confirming the punitive damages portion of the arbitration award because the Kansas Securities Act does not permit punitive damages. After careful consideration of the record and arguments presented, we hold that the district court did not err in confirming the arbitration award.

First, there was sufficient evidence in the record to support the arbitrators' decision that appellants were controlling persons who knew or should have known of the fraudulent activity and thus liable under the Kansas Securities Act for the fraudulent mismanagement of Sav-A-Trip's account. See Kan. Stat. Ann. § 17-1268(b). Appellants occupied various supervisory positions during their tenure at Stratton Oakmont, including President and Vice-President, that gave them direct or indirect control over defendants Castaldo and Bloom, who fraudulently mismanaged Sav-A-Trip's account. Furthermore, appellants did not carry their burden under the Kansas Securities Act to prove they did not know nor could have known of fraud committed against Sav-A-Trip by their subordinate employees. The principal evidence appellants cite–testimony from Sav-A-Trip officers that they never interacted directly with appellants–does not prove that appellants did not or could not have known of Castaldo's and Bloom's malfeasance. As such, there was sufficient evidence for the arbitrators to hold appellants liable as controlling persons for damages to Sav-A-Trip under the Kansas Securities Act.

Second, the arbitrators' failure to consider appellants' reply brief when determining the award did not constitute misconduct under the Federal Arbitration Act. See 9 U.S.C. § 10(a)(3). Although appellants claim they submitted their reply brief in

a timely fashion, it appears that they in fact submitted it well after the deadline without notifying the arbitrators or requesting additional time. In any event, appellants' rights were not prejudiced because they had already presented their evidence and arguments to the panel during the five-day evidentiary hearing. The arbitrators were familiar with appellants' arguments and even discussed them in their decision.

Third, the bankruptcy automatic stay enjoyed by defendants Stratton Oakmont and Bloom does not properly extend to appellants. Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances. See Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 676 (8th Cir. 1992). Appellants have not demonstrated any unusual circumstances which would justify such an extension.

Finally, although it is true that punitive damages are not recoverable under the Kansas Securities Act, see Woods v. Homes & Structures of Pittsburg, 489 F. Supp. 1270, 1289 (D.Kan. 1980), appellant Greene's argument against the imposition of punitive damages fails because the arbitrators and the district court did not rely solely on the Kansas Securities Act in making and confirming the award. In its arbitration complaint, Sav-A-Trip asserted federal, state, and common law claims which sustain punitive damages awards, and it is clear that the district court did not limit its confirmation of the award to the Kansas Securities Act. See slip op. at 2.

In short, we hold that the district court did not err in confirming the arbitration award in favor of Sav-A-Trip and denying appellants' motions to vacate the award. We affirm the district court order. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.