PER CURIAM.
Fishman & Stashak, M.D.’s P.A. d/b/a Gold Coast Orthopedics and Rehabilitation (“Gold Coast”) petitions for a writ of cer-tiorari. We deny the petition as moot.
*151 I.
Beth Hollingsworth brought a class action suit for personal injury protection benefits owed under insurance policies issued by Progressive Casualty Insurance Company. The parties entered into a proposed class settlement and scheduled a hearing for court approval.
Gold Coast is a health care provider which submitted an objection to the proposed settlement. Gold Coast also filed a motion to intervene, so as to have standing to appeal in the event the trial court approved the settlement. See Ramos v. Philip Morris Cos. Inc., 714 So.2d 1146, 1148 (Fla. 3d DCA 1998).
In order to demonstrate standing, Gold Coast attached explanation of benefits forms relating to one of Gold Coast’s patients. The form showed that the insurer had paid less than the claimed amount. Gold Coast’s affidavit stated in substance that this was an example of claims which had been reduced.
At the hearing, Gold Coast’s counsel argued the motion to intervene. Without prior notice, the insurer presented a witness who testified that there had been subsequent payments relating to the patient’s claim that Gold Coast was relying on. According to the insurer’s witness this particular claim had been paid in full.
Gold Coast had not been given prior notice that the insurer would offer evidence in opposition to the motion to intervene. Gold Coast’s counsel had not brought a witness and had no way to respond to this testimony. Based on the insurer’s evidence, the trial court denied the motion to intervene.
The court did, however, allow all objections to be heard regarding the proposed settlement. The court concluded that the class notice was insufficient and that there were certain problems with the substance of the settlement.
The court disapproved the settlement, without prejudice to the parties to cure the problems and resubmit it on proper notice.
II.
Gold Coast has petitioned for cer-tiorari, seeking to quash the order which denied intervention. Gold Coast wishes to have an opportunity to object, and pursue an appeal, if there is a new proposed class settlement which does not adequately address Gold Coast’s concerns.
We deny the petition as moot. The purpose of the motion to intervene was to allow Gold Coast to appeal if the trial court approved the settlement. But the trial court disapproved the settlement, and there is nothing at this time for Gold Coast to appeal.
We believe the most efficient procedure is for us to deny the petition at this point, without prejudice to Gold Coast to refile the motion to intervene in the trial court if in the future there is a new proposed class settlement to which Gold Coast objects.
III.
This case also points out the procedural unfairness that can result when a settling party attacks — -without prior notice — the standing of an objector. The problem is particularly acute where, as here, one of the settling parties seeks to present testimony on the issue without giving prior notice to the objector.
We conclude that if a settling party wishes to challenge the standing of an objector or movant for intervention, the settling party must give notice as soon as reasonably possible, so the objector or *152 movant will have a fair opportunity to address the objection.
Certiorari denied.