## PEPPER ET AL. vs. DUNLAP.

WESTERN DIS.
October, 1841.

PEPPER ET AL.,
vs.
DUNLAP.

APPEAL FROM THE COURT OF THE NINTH DISTRICT FOR THE PARISH OF MADISON, JUDGE TENNY PRESIDING.

The debtor alone has the right of enjoining proceedings under executory pro-.. cess without giving security. His vendee or the third possessor of the mortgaged property cannot.

On the dissolution of injunctions the damages should only be estimated on the amount actually due at the time of granting the injunction, or the *sum actually enjoined*, and not on notes or instalments of the same debt becoming due during the pendency of the injunction.

This suit commenced by an order of seizure and sale, which the plaintiff's obtained on their vendor's privilege and mortgage against a certain plantation and slaves in the possession, of R. G. Dunlap, their vendee.

The defendant took an appeal from this order to the Supreme Court. See the case in 16 La. Rep., 163.

The cause was remanded for new proceedings. In the meantime, on the 18th April, 1839, two days after granting the order of seizure and sale, and after an appeal was taken therefrom, Hugh W. Dunlap, the now defendant, purchased out the interest of his brother. After the return of the cause to the District Court, and when the mandate of the Supreme Court was about being executed, to wit: on the 16th February, 1841, the present defendant in the original suit, applied for and obtained an injunction against the order of seizure, without giving security. He set up various grounds and defects in the title, but none of the causes authorizing an opposition and injunction to an order of seizure and sale without giving security were enumerated.

The plaintiffs whose proceedings were enjoined moved to dissolve the injunction on various grounds; among which were that the act of sale contained the clause or *pact de non alienando*, and that the present defendant and purchaser could not avail himself of this mode of proceeding, which was only accorded to the original debtor, &c.

There was a mass of evidence taken on the issues made up.

between the parties, respecting the title to a portion of the land embraced in the original purchase and sale. The question turned entirely in this court on the right of the defendant to maintain his injunction without having given security.

There was judgment dissolving the injunction with ten per cent. damages and ten per cent. interest on $22,500, which had then become due of the price of the plantation and slaves, instead of $15,363, the sum due and actually enjoined at the suing out of the injunction. The defendant appealed.

*Pepper*, for the plaintiffs, and in propria persona.

*Dunlap* in propria persona.

*Copley*, on the same side.

*Bullard, J.* delivered the opinion of the court.

The plaintiffs having taken out an order of seizure and sale to enforce their mortgage and vendor's privilege upon certain lands and slaves sold by them to R. G. Dunlap, the latter prosecuted an appeal which came before us at the last term and the judgment of the District judge was affirmed. See 16 La. Rep., 163.

After the proceedings had recommenced in the District Court upon the mandate from this court being sent down, on 16th of February, 1841, Hugh W. Dunlap, who, it appears, had purchased the mortgaged property on the 18th of April, 1839, two days after the original order of seizure was issued and one day after the appeal had been allowed from that order, presented his petition and obtained an injunction to stay proceedings. The judge in granting the injunction exempted him from the obligation of giving security. The grounds upon which he asked for this equitable interference of the court, after expressing his surprise and astonishment that the plaintiffs had obtained an order of seizure and sale, and had caused the property to be advertised for sale, of which he was the bonâ fide owner, were: 1st. That the petitioners are not the

only heirs of the persons from whom they claim title to the land, but that there is another heir who is about to bring suit against him for her interest. 2d. That the vendors have not complied with the agreement to make R. G. Dunlap a good title, according to their contract, but that a part of the land belongs to the United States. 3d. That having no right to convey the section 22, an action of warranty has accrued to their vendee for the value of the land. 4th. That suit has been brought for one of the slaves; and further that certain persons are about to bring suit for four hundred acres of the land. It is further alleged that when the vendors were about to make the authentic conveyance, R. G. Dunlap called upon them to produce the title papers to the land, that he might examine them, and he was assured by James Pepper, who had made the contract for himself and the others, that the title papers were in the Citizens Bank in New Orleans, and that the title was good; whereas the title papers for section 22 never were filed in that bank but were in the possession of said Pepper, and that he would not have signed the notes for that part of the price, if he had known the real situation of the titles. It is also alleged that by the terms of the contract, R. G. Dunlap was entitled to all the bank stock which the vendors were entitled to in the Citizens Bank of Louisiana, as subscribers; the vendors having represented that they would be entitled to fifty thousand dollars of stock, yet that James Pepper, one of the vendors, with a view to defraud the said R. G. Dunlap, withdrew the subscription or released the same to the bank, without the consent of said Dunlap, and contrary to his interest.

Such is the substance of the grounds for relief set forth in the petition for injunction, upon which that writ was ordered to issue without giving security.

The plaintiffs, whose proceedings were stayed, moved the court to dissolve the injunction with damages for the following reasons: 1st. Because Hugh W. Dunlap, the petitioner, is not the party defendant in said proceedings, and therefore not entiled to an injunction without giving security. 2d. Because

from the showing of the plaintiff himself he acquired the property mortgaged since the order of seizure and sale issued, and therefore has no right to oppose the sale. 3d. Because the sale to R. G. Dunlap contains the clause *de non alienando* and consequently his conveyance to the present petitioner is void so far as the respondents are concerned, and he has no right to oppose the sale.

The court dissolved the injunction upon this motion and awarded damages against the plaintiff therein, at ten per cent. upon twenty-two thousand five hundred dollars and interest on the same from the 8th of March, 1841, till the 26th of May, 1841.

The debtor alone has the right of enjoining proceedings under executory process without giving security. His vendee or the third possessor of the mortgaged property cannot.

In dissolving the injunction upon some of the grounds set forth in the motion, we are of opinion the court did not err. The articles 738, 739 and 740 give to the *debtor alone* the right of enjoining proceedings under executory process without giving security. It is clear that the present plaintiff is not the debtor of the vendors of the mortgaged property. He acquired the property not only *pendente lite* but with the *pact de non alienando* in the original conveyance. That clause would deprive him even of the advantage of being treated as a third possessor, and by no means should it be considered as giving him the privilege of making opposition and arresting the proceedings of the hypothecary creditor without giving bond.

But even supposing that the defendant was entitled to all the privileges and advantages of the original purchaser it appears to us that even he would be bound to give security in a case like the present. The articles of the code above referred to set forth the causes for which proceedings may be arrested on opposition without giving security. They are all such as go to the discharge of the debtor by reason of payment, release, prescription or the like, since the date of the contract, or to the nullity of the contract itself for want of a free consent, as that it had been obtained by fraud, violence, fear or other unlawful means. Although there is a suggestion of fraud in the petition as to that part of the contract which relates to the

bank stock, yet the party does not claim that the whole con-
tract should be annulled on that or any other account.

Although we agree with the court below that the injunction
ought to be dissolved, yet we think a greater amount of dama-
ges was awarded than the statute justified. The damages
should have been estimated at the time the injunction was ob-
tained and not upon the notes which fell due afterwards. In
this therefore the judgment must be reformed. There was due
at that time a sum of $15,363, instead of $22,500, upon which
the interest and damages were estimated.

On the disso-
lution of injunc-
tions the dama-
ges should only
be estimated on
the amount ac-
tually due at the
time of granting
the injunction,
or the *sum ac-
tually enjoined,*
and not on notes
or instalments
of the same debt
becoming due
during the pen-
dency of the in-
junction.

It is therefore adjudged and decreed that the judgment of
the District Court be reversed; and proceeding to render such
judgment as should, in our opinion, have been given below, it
is further ordered and adjudged that the injunction be dissolved
and that the defendants recover of the plaintiff in injunction
interest at the rate of five per cent. upon the sum of fifteen
thousand three hundred and sixty-three dollars from the 8th of
March, 1841, until the 24th of October, 1841, and five per
cent. damages on the said amount, the costs in the District
Court to be paid by the plaintiff and appellant, those of the
appeal to be paid by the defendants and appellees.