## PITTS et al. *v.* LEWIS et al.

It is an elementary principle, that there is no *vente à reméré* unless the right to take back the property, on refunding the price, be stipulated in the act of sale, so as to form one of the reservations of it; and that if the stipulation is appended by a subsequent act to a sale originally pure and simple, it is either a resale or a promise to sell.

APPEAL from the District Court of the Parish of Bienville, *Bullard*, J. *Land* and *Cook*, for plaintiffs. *Spofford*, for defendants. By the court:

ROST, J. The plaintiff sues for the resolution of a sale of slaves, which he alleges to have been a *vente à reméré*. She has made a tender of the price, and claims the slaves together with damages for the loss of their services.

The defendant, *Martha C. Lewis*, the wife of *John L. Lewis*, separated in property from him, alleges that the sale to her was absolute and unconditional, and that the slaves being at the time in her possession, under another title, the delivery followed the act of transfer. That after the sale her husband was prevailed upon to sign, on her part, a gratuitous promise to reconvey to the vendor, for the price stipulated in the sale, a portion of said slaves within two years, provided her circumstances should continue in such condition as would justify her in doing so. That she had no knowledge of the instrument sued upon ; never assented thereto, and is not in a condition to return said slaves, having been compelled to include them, with other property, in a mortgage given by her to secure a loan.

On these issues there was judgment in favor of the defendant. The plaintiff has appealed.

It is elementary that there is no *vente à reméré* unless the right to take back the property, on refunding the price, be stipulated in the act of sale, so as to

form one of the reservations of it, and that if it is appended by a subsequent act to a sale originally pure and simple, it is either a resale or a promise to sell.

In this case the act of sale first passed was unconditionally and absolute. The plaintiff cannot therefore claim the resolution of that sale, and must recover, if at all, upon the subsequent promise of the defendant's husband to reconvey certain of the slaves to her.

The district judge appears to have been of opinion that the defendant's husband had no authority to make such a promise, and that it had not been ratified by her.

We think that the evidence in the record authorizes those conclusions. The promise of the husband being a new contract, the defendant may repudiate it, while she adopts the original sale. There is nothing in the record from which a waiver of this legal right can be inferred.

Judgment affirmed, with costs.

SLIDELL, J. As I understand the agreement, as to redemption, supposing it to have been executed with the authorization of *Mrs. Lewis*, it does not create such a right in the plaintiff as she can enforce. For the agreement, in substance, is a promise to permit the plaintiff to redeem two of the negroes, at a stipulated sum, provided the circumstances of the defendant should hereafter be such as to enable her to restore them. But her circumstances have compelled her to mortgage them; and the promise, even if it had any binding force, was qualified by a condition, which has occurred, and this apparently without any bad faith on the part of the defendant. It seems to me, therefore, that upon this ground the judgment ought not to be disturbed.