## FARRIS v. MILLER et al.*

### No. 1415.

Court of Appeal of Louisiana.
First Circuit.

Jan. 21, 1935.

Fern .M. Wood, of Leesville, for appellants.

S. I. Foster, of Leesville, for appellee.

MOUTON, Judge.

A 40-acre tract of land belonging to Farris, plaintiff, was adjudicated to A. L. Jones for taxes, in September, 1931.

On May 24, 1932, Jones executed a quitclaim of his title to plaintiff for the sum of $48.88.

It is alleged by plaintiff that the quitclaim had been made by Jones in favor of plaintiff on that date, and this averment is admitted by defendants Miller and Mangum, also as alleged by plaintiff, that they had loaned that amount to plaintiff to obtain this quitclaim from Jones.

On May 24, 1932, an act of sale of this land was made by plaintiff to Miller and Mangum, defendants, for $300, and on the same date, May 24, 1932, a separate act, bearing the signature of Mangum with that of Miller, was executed, giving to plaintiff the right to redeem this land up to December 31, 1933, for the sum of $60, plus the amount of taxes due on the property for the year 1932, which had not yet been ascertained.

The defense is based mainly on the doctrine announced in the case of Pitts et al. v. Lewis et al., 7 La. Ann. 552, where the court said: "That there is no vente à reméré unless the

*Rehearing denied March 5, 1935.

right to take back the property, on refunding the price, be stipulated in the act of sale, so as to form one of the reservations of it; and that if the stipulation is appended by a subsequent act to a sale originally pure and simple, it is either a resale or a promise to sell."

In the case of Glover et al. v. Abney et al., 160 La. 175, 106 So. 735, the foregoing doctrine was approved.

■ In this case plaintiff alleged that the purported consideration of $300 stated in the deed by plaintiff to defendants is false and untrue, and that the real consideration amounted to the sum of $48.88.

When plaintiff offered parol evidence to show this alleged real consideration, defendants' counsel objected to its introduction on the ground that the deed "speaks for itself," being a written instrument; and without specifying that verbal evidence was not admissible to alter, explain, or contradict a written contract.

In 160 La. 175, 106 So. 735, above cited, the parol proof offered was specifically objected to because it would vary or contradict a written instrument, which was sustained. The court held, however, that authentic sales could be assailed by parol proof when fraud or error are alleged. Here the words fraud or error are not used, but the sale is attacked as being false and untrue. If so, evidently there was fraud and error which are not sacramental words required to authorize such proof.

Even if the objection, as made, can be taken as being equivalent to an objection to the admissibility of evidence because tending to vary or contradict a written instrument, the parol evidence offered by plaintiff was admissible under his allegations attacking the reality of the sale.

■ After the objection to the introduction of that evidence was made in the manner hereinabove stated, parol evidence was introduced, and without any objection whatsoever on the part of defendants on the issue as to whether or not defendants had given the right to plaintiff to redeem the land up to December 31, 1933, as expressed in the act dated May 24, 1932.

In the case of Cuggy v. Zeller et al., 132 La. 222, 61 So. 209, it was held that when objection to testimony is overruled, as it was herein, if it is intended to extend to all testimony of similar character to be given thereafter, the objection should be made so as to apply to all subsequent testimony, although

the parol testimony is to prove an agency tending in the end to affect title to realty.

The objection to the testimony in this case, if it was sufficiently specific, should have been made to apply to all subsequent testimony of similar character so that it might have had effect on the question of title involved here.

■ When no objection is made to parol when offered to show title to realty, such objection will be considered as waived, and the proof will be accepted as sufficient to establish title thereto. Babineau v. Cormier, 1 Mart. (N. S.) 456; Brent v. Ervin, 3 Mart. (N. S.) 303, 15 Am. Dec. 157; Fougard v. Tourregaud, 3 Mart. (N. S.) 466; Stawbridge v. Warfield, 4 La. 22; Huey v. Drinkgrave, 19 La. 494; Kittridge v. Landry, 6 Rob. 481; Frederick v. Brulard, 6 La. Ann. 383; Dorvin v. Wiltz, 11 La. Ann. 519, and Pauline v. Hubert, 14 La. Ann. 162.

The main contention of defendant is, as stated in the beginning of this opinion, that the separate deed purporting to give the right of redemption to plaintiff must be taken as a promise of sale, because to obtain such right the vendor must make the reservation in the original act of sale. There is no contention in the brief that parol evidence was inadmissible to show that such a redemption had been agreed to in the separate deed given to that effect. As an objection had been made to the introduction of the parol proof, we thought proper to refer to the authorities which hold that such objection to be effective should have been made to apply to subsequent evidence of similar character; and if not so urged, title to real property could be established by parol evidence.

■ It is contended by defendants that plaintiff has failed to prove that he was given the right to redeem the property up to December 31, 1933, as declared in the deed for the redemption of the land.

Defendants Miller and Mangum deny that this right to redeem the property was given plaintiff. They contend that the denial by these two witnesses against plaintiff's testimony to the contrary should prevail.

It is admitted in defendants' answer that they loaned the $48.88 to plaintiff to get the quitclaim from Jones, adjudicatee of the land at tax sale. The deed giving the right to redeem for $60, and the taxes due on the land for the current year, was executed on the same day that the quitclaim was given by Jones; that is, on May 24, 1932. These two deeds, executed on the same date, are strong-

ly corroborative of the testimony of the plaintiff which the court below, doubtless, considered should prevail over the bare denial of defendants.

█ It is also contended that Miller signed the name of Mangum to the redemption deed without his knowledge or authority.

It is shown that Mangum had furnished the money for the loan made to plaintiff, who did not know Mangum. Miller conducted the transaction throughout for himself and Mangum. It is hard to believe that, with such a general agency conferred on Miller he was not authorized to sign the contract giving plaintiff the right to redeem. Mangum is Miller's brother-in-law, who lived with Mangum. Their relation was such that we have no hesitancy in believing that Miller was Mangum's agent, and signed the redemption deed with his authority.

The whole trend of the evidence confirms us in that opinion.

The district judge rendered judgment in favor of plaintiff decreeing him owner of the land with improvements, upon payment to defendants the sum of $78 due for the redemption and deposited in the registry of the court.

The evidence supports the decree, and the judgment is therefore affirmed, with costs on defendants.