Joyce Marie **MOORE** et al., Plaintiffs,

v.

**TANGIPAHOA PARISH SCHOOL BOARD et al.,** Defendants-Appellees,

v.

**Elizabeth E. MOULDS,** Movant-Appellant.

No. 79–3240
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1980.

---

**3.** We observe that a contrary finding on any of these points would have been justified.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

D'Amico & Curet, Myron A. Walker, Jr., Baton Rouge, La., for movant-appellant.

Robert Tillery, Pontchatoula, La., for Tangipahoa Parish School Bd.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

This 15-year-old desegregation suit is subject to the continuing jurisdiction of the United States District Court for the Eastern District of Louisiana. By order of January 27, 1977, the district judge directed that the defendants use objective criteria in the selection of school principals in order to ameliorate the racially biased method employed in the past and to aid in the achievement of a unitary school system.

Elizabeth Moulds, a white female teacher in the Tangipahoa Parish school system, three times sought a position as an elementary school principal within the system. Each time she underwent objective evaluation pursuant to the system's promotion criteria which had been adopted in accordance with the district court's January 27, 1977, order. Each time the position she sought went to a white male. Moulds petitioned the district court for leave to file a motion pursuant to Rule 71, Fed.R.Civ.P., seeking to enforce the order of January 27, 1977, against the school board. The district court held that Moulds had no standing to bring such a motion because the order was issued to eliminate the *racially* biased method of selecting principals and to achieve the ultimate goal of the suit, a unitary school system. She appeals that ruling.

According to Rule 71, "[w]hen an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party . . . ." While Rule 71 allows non-parties to enforce orders made in their favor, it can not be adopted by one to enforce an order in an action in which she has no standing to sue. *Lasky v. Quinlan*, 558 F.2d 1133 (2nd Cir.1977). J. Moore, 7 *Moore's Federal Practice* ¶71.03 (1979). A party has standing only if the interest she seeks to vindicate is "arguably within the zone of interests to be protected or regulated by the . . . constitutional guarantee in question." *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184, 188 (1970). Moulds contends that she comes within the zone of protected interests because the practices the

school system seeks to eliminate by the institution of standardized evaluation for principals, while primarily racial in operation and effect, are also susceptible of being utilized for political purposes where race is not a factor. However worthwhile Mould's interest in freedom from arbitrary or politically-inspired employment decisions, that interest in no way implicates the same constitutional guarantees which require the establishment and maintenance of a racially-neutral, unitary school system. Thus, the district court was correct in denying Moulds standing to bring a Rule 71 motion.[1]

AFFIRMED.

---

1. Of course, this decision in no way diminishes Moulds' right to seek redress, in separate litigation, for any violations of her civil rights which may have occurred when she was denied promotion.