**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-11194

TRINITY GAS CORP.

Plaintiff-Appellant

VERSUS

HENRY COOK TAYLOR, ET AL;

Defendants,

HENRY COOK TAYLOR and GEORGIE CAYER TAYLOR,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
January 4, 2002

Before KING, Chief Judge, DUHÉ and BENAVIDES, Circuit Judges.

DUHÉ, Circuit Judge:

Trinity Gas Corporation sued to undo the redemption of the sale of a residence by defendants Henry and Georgie Taylor to the Serses, alleging that the redemption was in fraud of creditors and violated a court order. The district court dismissed on the Taylors' Rule 12 motion. For the following reasons, we AFFIRM.

**BACKGROUND**

In May 1997 Defendants Henry and Georgie Taylor transferred title to their Natchitoches, Louisiana residence to Sidney and

Patricia Sers by an Act of Exchange. The consideration was 600,000 shares of Trinity Gas Corporation ("Trinity") stock. Sidney Sers was then the Chief Executive Officer and Chairman of the Board of Plaintiff Trinity. The Act of Exchange gave the Taylors a lease-back of the home and a right of redemption exercisable if Trinity stock was trading for less than one dollar on the one-year anniversary date of the Exchange. The Taylors timely exercised their right of redemption.

During the intervening year, in an action by the Securities and Exchange Commission ("SEC") (based on Sidney Sers' defrauding public investors regarding Trinity's prospects), the Serses and others were enjoined from disposing of the Serses' or Trinity's assets. Also during that year, Trinity filed for Chapter 11 bankruptcy protection.

Trinity filed this action seeking to undo the Serses' "transfer" of the residence to the Taylors, or to obtain its value from the Taylors, alleging violation of a court order, fraudulent transfer, and civil conspiracy. The district court dismissed all counts, noting preliminarily that Trinity never owned an interest in the Taylor home and was not a party to the Taylors' exchange agreement with the Serses.

We review the Rule 12 dismissal de novo, construing the complaint in the light most favorable to the plaintiff. <u>Rubinstein v. Collins</u>, 20 F.3d 160, 166 (5th Cir. 1994). Accepting as true

the well-pleaded facts of the complaint, we affirm the dismissal, holding that Plaintiff can prove no set of facts in support of the allegations which would entitle it to relief.

## I.  Count One: Violation of Court Order.

Trinity first complains that the Taylors' redemption of the property previously conveyed to the Serses violated the injunction in the SEC action.  The district court dismissed this count, concluding that contempt was the proper remedy to enforce the injunction, and that the government, not Trinity, would be the proper party to bring such an action.  Our ruling rests on grounds distinct from those of the district court.[1]

---

[1]  We do not believe the district court dismissed Count 1 based on standing or privity and find the issues of privity, FRCP 71, and standing obfuscated in the arguments on appeal.  While the district court mentioned privity in its opening remarks, privity was pertinent only to its dismissal of Count 6, avoidance of the exchange agreement.

The parties discuss Rule 71, pertinent to a non-party's rights to enforce orders, in connection with the question of Trinity's standing.  The temporary restraining order issued in the SEC action originally enjoined Trinity as a party (as well as the Serses) from disposing of assets.  Trinity subsequently began operating under a Plan of Reorganization, which binds the SEC and recognizes that the district court in the SEC action would be apprised that the SEC and reorganized Trinity were not adverse to each other.  The permanent injunction entered in the SEC action was not against Trinity.  Rather, the SEC action eventually included an order that the millions of dollars the Serses owed in disgorgement were to be paid directly to Trinity as distribution agent.  We refuse to read Rule 71 which provides a procedure for non-parties as restricting Trinity's right to proceed with its claims in this action.

Rule 71 does nothing to disturb the threshold requirement of standing to sue, a jurisdictional issue.  Moore v. Tangipahoa Parish Sch. Bd., 625 F.2d 33, 34-35 (5th Cir. 1980).  Plaintiff has standing, having a sufficient "personal stake in the outcome of the controversy," Arlington Heights v. Metropolitan Hous. Dev. Corp.,

3

Before the SEC obtained its injunction, the Serses held title to the property subject to the lease-back and subject to the Taylors' right of redemption. Although Trinity asserts that the Serses had "record" title, they did not have unencumbered property. Louisiana law follows the first-in-time rule of priority, based on when instruments burdening real estate are filed in the parish records. La. Rev. Stat. Ann. §§ 9: 2721, 2756 (West 1991 & West Supp. 2001). The Taylors' right of redemption, contained within the same instrument by which the Serses acquired the property, encumbered the property from the moment the Serses acquired the property. The right of redemption affects third parties from the time of the filing *of the instrument that contains the right*. See La. Civ. Code Ann. art. 2572 (West 1996) (emphasis added).

The Serses would not have held an unconditional or absolute title until the lapse of the time within which the Taylors had a reserved right to take back the thing exchanged. La. Civ. Code Ann. art. 2570 (West 1996); Brooks v. Broussard, 136 La. 380, 384, 67 So. 65, 66 (1914). Regardless of the prohibitions in the injunction, the Taylors' right to recover the property (and the Serses' obligation to honor that right) pursuant to the Act of

---

429 U.S. 252, 261 (1977), in protecting its position as judgment creditor of the Serses, whom it alleges have illegally disposed of valuable assets. Both Texas and Louisiana law provide a cause of action for a creditor to avoid prejudicial transactions in which its debtor has engaged with a third person. Tex. Bus. & Com. Code Ann. §§ 24.008 (Vernon 1987); La. Civ. Code Ann. arts. 2038-42 (West 1987).

Exchange existed before the injunction was entered. "The seller who exercises the right of redemption is entitled to recover the thing free of any encumbrances placed upon it by the buyer." La. Civ. Code Ann. art. 2588 (West 1996).

Even if Trinity had succeeded in recovering the property from the Serses before the expiration of the right of redemption, Trinity too would have held it subject to the Taylors' right to reclaim the property free from other claims under the right of redemption, which is a resolutory condition. The Taylors' right to exercise their redemption and reclaim the property primes any rights acquired by later judgments or judgment creditors.

Under no set of facts could Trinity prove that it could have proceeded against the property to satisfy its claims and judgments.

## II. Counts Two, Three and Four: Fraudulent Transfer.

Trinity complains that the Taylor's redemption of the property from the Serses is avoidable as a transfer made to defraud the Serses' creditors, or made without the Serses' receiving reasonably equivalent value, and made while the Serses were insolvent. Tex. Bus & Com. Code Ann. §§ 24.005(a)(1) & (2), 24.006(a) (Vernon 1987 & Supp. 2000). The district court dismissed the fraudulent transfer counts in part because no transfer from the Serses to Taylor occurred under Louisiana law.[2] We agree.

---

[2] The district court correctly applied Louisiana law. Trinity contends that under Texas choice-of-law precepts, the district court should have used a "most significant relationship" test, or

5

Under the Louisiana Civil Code, "The exercise of redemption does not involve a new sale. When the right to redeem is exercised, it effects a dissolution of the sale and of the transfer of the property. . . ." La. Civ. Code Ann. art. 2567, comment (c) (West 1996). A sale with a right of redemption is distinguished from a resale by the very fact that the right to take back the property is stipulated in the act of sale itself and not in a subsequent act. Pitts v. Lewis, 7 La. Ann. 552, 552-53 (1852). No new transfer occurred.

## III. Count Six: Avoidance of the Exchange Agreement and Conveyance.

Count Six of the amended complaint asserts that the Taylors failed to abide by the terms of the Act of Exchange within the time limitations and seeks to set aside the conveyance from the Serses to the Taylors based on lack of consideration.

Because, as we have stated, Louisiana law does not consider the redemption a new conveyance, this argument assumes an attempted redemption may be deficient in such a way that it is deemed a new transaction. Trinity argues that the redemption should be set aside because the right of redemption was not self-executing, that is, certain conditions precedent in the Act of Exchange were never

___

allowed it to amend its complaint to assert the similar avoidable-transfer claims actionable under the Civil Code. Regardless of which state's law applies to determine status as a creditor to avoid a fraudulent transfer, we look to Louisiana law, specifically Civil Code article 2567 referenced in the exchange agreement, to determine the nature of the right of redemption retained in the instrument.

6

met: the Serses were to execute new deeds, the deeds were to be quitclaim rather than warranty, the Taylors were to pay all the rent under the lease-back, the Taylors were to return the 600,000 shares of Trinity stock to the Serses, and the Taylors were to post a letter to the Serses at their last known address.

The Act of Exchange shows that the Taylors' right of redemption is conditioned solely on the stock price and is exercisable by the posting of the notice via certified letter. Both the condition precedent and the resolutory condition appear in the following provision:

> The Taylors are willing to accept the Stock in exchange for the Real Estate Property subject to the Stock having an average quoted bid price . . . of not less than $1.00 per share on any public stock exchange on which the Stock is listed for sale at the close of trading on the Anniversary Date. *In the event the Stock should have an average quoted bid price less than $1.00 per share at the close of business on the Anniversary Date,* the Taylors shall have the right to redeem the Real Estate Property for a period of thirty (30) days from the Anniversary Date. It is expressly agreed and understood by the parties hereto that *the posting of the notice of redemption by certified mail addressed to the Sers at their last known residence address is a resolutory condition* which will automatically operate to dissolve this Act of Exchange. In such event, the Taylors, shall return the stock to the Sers.

Ex. A to Am. Complaint, para. 4 of Exchange Agreement (emphasis added). A certified letter to the Serses stating the Taylors' intent to redeem and offering to return the stock to them or their designee is also appended to the complaint (ex. E). The sole condition precedent of the redemption – the stock price on the

7

Anniversary Date – is not at issue.[3]  The resolutory condition

occurred when the letter was posted.  Though Trinity complains that

Sidney Sers executed the deed from Cali, Columbia, where he was a

fugitive, on the same day the Taylors sent the certified letter to

him in Texas, nothing in the agreement requires proof that written

notice was delivered before execution of the instrument recognizing

that the property was redeemed.

The last sentence in the provision quoted above demonstrates

that the return of the stock is not a condition precedent but

rather occurs after the resolution of the exchange.[4]  Nor are the

execution of a deed and payment of rent conditions precedent to

exercising the right to redeem.[5]  Accordingly, the redemption was

---

[3] Trinity also complains, not that the stock price was actually
more than $1.00 on the Anniversary Date precluding the redemption
(it was not), but that the Taylors never proved the stock price on
the Anniversary Date, as they should have been required to prove in
connection with their motion to dismiss.  Because this objection
was never lodged in the district court, we will not entertain it
for the first time in this appeal.

[4] The complaint did not ask the Taylors for return of the
Trinity stock but did seek to set aside the Act of Exchange and
conveyance because the shares were not returned to the Serses.  It
appears undisputed that the Taylors stand ready to return the stock
upon receipt of appropriate instructions.

[5] Regarding the deed, the exchange provides, "in the event the
Taylors exercise their right of redemption . . . the Sers shall
execute a Quitclaim Deed and Acknowledgment of Redemption . . .
when called upon to do so."  The deed is properly executed after
the Taylors exercised their right to redeem.  As for the rent, the
agreement further recites that "additional consideration" given for
the exchange was that "the Sers have agreed to lease [the realty]
to the Taylors."  No defect in the redemption is shown by this
provision, even if no rentals were paid to the Serses.  It matters
not whether the price of a redemption is higher or lower than the

8

exercised by the posting of the notice, and placed the parties in the same state as though the Exchange Agreement had never been entered.

Under no circumstances could Trinity prove that any failure to abide by the terms of the Act of Exchange entitles Trinity to recover the real estate from the Taylors, or that their redemption can be characterized as a new transfer from the Serses.

## IV. Count Seven: Civil Conspiracy.

Trinity also alleges the Taylors' involvement in a civil conspiracy, by their agreeing to wrongfully and fraudulently participate in the transfer of assets from the Serses in violation of the injunctive orders and with a purpose to prevent the SEC, Trinity, and its shareholders from recovering assets from the Serses. As discussed above, plaintiff can prove no set of facts to support the allegations of violation of injunction and unlawful transfer or act. With no unlawful subject of the claimed conspiracy, we affirm the dismissal of the civil conspiracy claim. Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 856 (Tex. 1968).

## V. Conclusion.

In this case no violation of injunction occurred, nor any transfer in fraud of creditors, nor any unlawful act to support the

---

purchase price paid by the original vendee. La. Civ. Code Ann. art. 2567, comment (d) (West 1996).

9

alleged conspiracy.  The plaintiff being unable to support any allegations which would entitle it to relief, the Taylors' motion to dismiss is well-taken.  The judgment of the district court is

AFFIRMED.