Nathaniel DAVIS, John R. Green, Danny R. Manley, Proposed Intervenors–Appellants,

Johnny Reynolds, individually and on behalf of himself and representative of a class of black employees of the Highway Department, State of Alabama, similarly situated, Plaintiff–Appellee,

Cecil Parker, Robert Johnson, et al., Intervenors–Plaintiffs,

William Adams, Cheryl Caine, Tim Colquitt, William A. Flowers, Wilson Fomas on behalf on themselves and a class of all non-black employees of the Al. Dept. of Transportation, et al., Intervenors–Plaintiffs–Appellees,

v.

Jim BUTTS, in his official capacity as Director of the Alabama Department of Transportation, Department of Transportation, State of Alabama, Department of Personnel, State of Alabama, Ray Bass, Marvin Wagonner, et al., Defendants–Appellees,

NAACP Legal Defense and Education Fund, Inc., The Lawyers' Committee for Civil Rights Under Law, Amicus.

No. 01–10425

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 9, 2002.

Mickey McDermott, Montgomery, AL, for Proposed Intervenors–Appellants.

Susan Salonimer Wagner, Lisa Wright Borden, Wesley C. Redmond, Berkowitz, Lefkovits, Isom & Kushner, Robert L. Wiggins, Jr., Russell Wayne Adams, Kimberly C. Page, Kell A. Simon, Ann K. Wiggins, Gordon, Silberman, Wiggins & Childs, P.C., R. Scott Clark, J. Michael Cooper, Raymond P. Fitzpatrick, Jr., Fitzpatrick, Cooper & Clark, Birmingham, AL, Jimmie R. Ippolito, Alice Ann Byme, Montgomery, AL, Claudia H. Pearson, Vestavia Hills, AL, for Appellees.

Before ANDERSON, Chief Judge, and TJOFLAT and DUBINA, Circuit Judges.

TJOFLAT, Circuit Judge:

In this case, Danny Manley, Nathaniel Davis, and John Green, employees of the Alabama Department of Transportation ("ALDOT"), appeal the district court's denial of a motion to intervene in litigation against ALDOT (the "*Reynolds* litigation").[1] Because the denial of a motion to

---

1. The litigation in which Manley, Davis, and Green seek to intervene is a long-standing racial discrimination class action brought by black employees and job applicants against ALDOT. The procedural history of the case can be found in our opinion in *Reynolds v. Roberts*, 202 F.3d 1303, 1305–11 (11th Cir. 2000).

intervene is not a final judgment, which 28 U.S.C. § 1291 requires for appellate jurisdiction, we *sua sponte* raised the question whether we had jurisdiction to hear the appeal of the proposed intervenors.

■ Manley, Davis, and Green contend that we have such jurisdiction under this circuit's "anomalous rule." Under this rule, "the court has jurisdiction to determine whether the denial of intervention [is] proper. If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction. If the district court erred, we retain jurisdiction and must reverse." *F.T.C. v. Am. Legal Distribs., Inc.*, 890 F.2d 363, 364 (11th Cir.1989). This rule only applies, however, if what the district court denied was intervention as a matter of right under section (a) of Rule 24 of the Federal Rules of Civil Procedure, and not permissive intervention under section (b) of that very same rule.[2] "Standing alone, an order denying permissive intervention is neither a final decision nor an appealable interlocutory order because such an order does not substantially affect the movant's rights." *Meek v. Metro. Dade County*, 985 F.2d 1471, 1476 (11th Cir.

1993). Therefore, whether we have jurisdiction over the instant appeal ultimately hinges on whether the plaintiffs were seeking intervention as a matter of right or permissive intervention.

Recognizing this fact, the plaintiffs have asserted in their briefs that they moved in the district court for intervention as a matter of right. This contention belies their actual motion, in which they asked to intervene "[p]ursuant to Rules 24(a) and 24(b)." Moreover, just because they moved for intervention as a matter of right does not mean they were entitled to do so; the district court may have decided that they had no right to intervene under Rule 24(a) and treated their motion as one for permissive intervention under Rule 24(b).[3] *See Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir.1991) ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.") (quoting 7C Charles A. Wright, et al., Federal Practice and

2. Fed.R.Civ.P. 24(a) provides:
   Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
   Fed.R.Civ.P. 24(b) provides:
   Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2)

when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

3. In the December 12, 2000 order denying the motion to intervene, the district court did not indicate any basis for its decision.

Procedure § 1913, at 376–77 (2d ed.1986) (footnotes omitted)).

In order for a party to intervene as a matter of right under Rule 24(a), he must establish:

(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir.1996) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989)). Here, the proposed intervenors—one black employee and two white employees—seek to intervene in the *Reynolds* litigation, because they believe their interests are not being represented. The *Reynolds* litigation, however, involves charges of racial discrimination by ALDOT against its employees. It is unclear how Manley, Davis, and Green, who are already represented demographically in the *Reynolds* litigation by either the black plaintiff class or the Adams Intervenors (an already approved group of non-black intervenors), can claim that their interests are not being represented in the litigation.

In actuality, their alleged interests—non-race-related violations of Consent Decree I and the use of a recent reclassification study, the HayGroup study, to circumvent Consent Decree I—have little to do with the racial discrimination that was the basis of the *Reynolds* litigation. They simply believe that ALDOT has violated Consent Decree I, which the district court for the Middle District of Alabama adopted on March 16, 1994, as a partial settlement of the *Reynolds* litigation. Even if we assume that their allegations are true, they have not shown how the disposition of the *Reynolds* litigation, as a practical matter, may impede or impair their ability to seek recompense for violations of Consent Decree I. They are still free to seek any applicable legal remedies for workplace discrimination—whether it arises due to Consent Order I or for any other reason.

In our previous opinion in *Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir.2000), we emphasized:

[I]f in the future a black employee—or *any* employee, for that matter—suffers racial discrimination in the work place, the employee's remedy (if the grievance cannot be resolved) will be to seek relief in a *separate* lawsuit, brought in state or federal court. If brought in the United States District Court for the Middle District of Alabama, the suit will be assigned to a district judge under the court's random assignment system. In other words, the suit will not be made a part of the *Reynolds* litigation.

*Id.* at 1301 (emphasis in original). This mandate holds true in this case, even though the proposed intervenors' claims have nothing to do with racial discrimination. In fact, it holds even more saliency *because* the proposed intervenors' claims have nothing to do with racial discrimination—since racial discrimination was the focus of the *Reynolds* litigation. *Cf. Moore v. Tangipahoa Parish Sch. Bd.*, 625 F.2d 33, 34–35 (5th Cir.1980) (finding that a teacher had no standing to enforce a court order directing the defendant school board to use objective criteria in the selection of principals, because her interest—"freedom from arbitrary or politically-inspired employment decisions"—fell outside of the zone of interests that the order was meant to protect—namely, "the establishment and maintenance of a racially-neutral, unitary school system").

Accordingly, the proposed intervenors have no basis for intervention as a right,

and therefore, we must dismiss their appeal for lack of appellate jurisdiction.

SO ORDERED.