Johnny REYNOLDS, individually and on behalf of himself and as representative of a class of black employees of the Highway Department, State of Alabama, similarly situated, Plaintiff–Appellee,

Cecil Parker, Robert Johnson, Frank Reed, Ouida Maxwell, Martha Ann Boleware, et al., Intervenors–Plaintiffs,

William Adams, on behalf of himself and all similarly situated persons, et al., Intervenors–Plaintiffs–Appellees,

John Robbins, Robert Camp, Interested Parties–Appellants,

v.

Jimmy BUTTS, in his official capacity as Director for the Alabama Department of Transportation, Halycon Vance Ballard, individually and as Director of Personnel Department, State of Alabama, Department of Transportation, State of Alabama, Department of Personnel, State of Alabama, Don Siegelman, in his official capacity as Governor of the State of Alabama, et al., Defendants–Appellees.

No. 01–15611.

United States Court of Appeals, Eleventh Circuit.

Nov. 20, 2002.

---

John Robbins, Equality, AL, Robert Camp, Weogufka, AL, pro se.

Wesley C. Redmond, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, AL, for Defendants–Appellees.

Kimberly C. Page, Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, AL, for Reynolds.

Raymond P. Fitzpatrick, Jr., J. Michael Cooper, R. Scott Clark, Fitzpatrick, Cooper & Clark, Ann K. Wiggins, Kell A. Simon, Robert L. Wiggins, Russell Wayne Adams, Gordon, Silberman, Wiggins & Childs, P.C., Susan Salonimer Wagner, Berkowitz, Lefkovits, Isom & Kushner, Lisa W. Borden, Birmingham, AL, for Adams.

Before CARNES, HILL and FARRIS*, Circuit Judges.

* Honorable Jerome Farris, U.S. Circuit Judge   for the Ninth Circuit, sitting by designation.

PER CURIAM:

This appeal arises from the denial of a motion for contempt filed in the ongoing *Reynolds* litigation. The appellants in this case, John Robbins and Robert Camp, filed their motion for contempt in district court, asking the district court to hold the defendants in contempt for failure to comply with two provisions of an approved consent decree. Following show-cause orders and responses, the district court denied the appellants' motion without comment and also denied their subsequent request for reconsideration. Robbins and Camp appealed. Because the appellants are neither parties to the consent decree nor named representatives or intervening members of a class in the litigation, they do not have standing to enforce the consent decree. Therefore, we dismiss this appeal for lack of jurisdiction.

The underlying litigation is an employment discrimination suit first filed in 1985 by job applicants and two groups of employees and former employees against the Alabama Department of Transportation (ALDOT), the Department of Personnel, and various state officials. The district court certified three classes of black plaintiffs, although it later combined two of those classes into a single class. In 1993, the parties reached a partial settlement and presented a proposed consent decree to the district court. Before the fairness hearing on the consent decree, a group of non-black ALDOT employees moved to intervene on behalf of themselves and all ALDOT employees who were not part of the plaintiff classes (the "intervenors"). The intervenors objected to the consent decree. Because of the objections, the consent decree was divided into three sep-

arate parts, and the district court approved the part containing only race-neutral provisions in March 1994. In April 1998, the district court certified the intervenors as a class.

The appellants in this case are two non-black ALDOT employees who filed their motion for contempt asserting that the defendants had failed to comply with Articles XV and XIX of the approved consent decree. The appellants had claimed they were entitled to be reclassified to a higher position with back pay for the time they spent working in a higher classification under Article XV and filed grievances that were resolved under Article XIX. They alleged that the defendants had not granted them the relief they were awarded in the grievance resolutions and asked the district court to hold the defendants in contempt.

After the district court denied the appellants' motion and request for reconsideration and the appellants filed their notice of appeal, the plaintiffs and the intervenors reached settlements with the defendants concerning certain backpay claims. The district court approved these settlements. The appellants then filed an amended notice of appeal in this case seeking to appeal the order approving the settlement as well as the denial of their motion. The intervenors have filed a motion to dismiss this appeal for lack of standing.

The appellants are not parties to the consent decree. As non-parties, the appellants have no standing to enforce the consent decree. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S.Ct. 1917, 1932, 44 L.Ed.2d 539 (1975) ("A well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it.").

In *Moore v. Tangipahoa Parish School Board*, 625 F.2d 33 (5th Cir.1980), a school desegregation case, we held that an employee could not enforce an order against a school board even though the employee would have benefitted if the board had complied with the order. *Id.* at 34–35. In that case, a non-black employee asked the district court for leave to file a motion pursuant to Federal Rule of Civil Procedure 71,[1] seeking to enforce an order that required the board to use "objective criteria in the selection of school principals in order to ameliorate the racially biased method employed in the past and to aid in the achievement of a unitary school system." *Id.* at 34. The district court held that she lacked standing to bring such a motion because the order "was issued to eliminate the *racially* biased method of selecting principals and to achieve the ultimate goal of the suit, a unitary school system." *Id.*

On appeal, the employee claimed that she had standing because she was in the "zone of protected interests" because the practices that the school system sought to eliminate by instituting standardized evaluations for principals, although primarily racially based, were capable of being utilized for other purposes where race was not a factor. We rejected that argument, noting "[h]owever worthwhile [the plaintiff's] interest in freedom from arbitrary or politically-inspired employment decisions, that interest in no way implicates the same constitutional guarantees which require the establishment and maintenance of a racially-neutral, unitary school system."

---

1. Federal Rule of Civil Procedure 71 provides, "[w]hen an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party...."

*Id.* at 35. Thus, the employee lacked standing to bring her motion. *Id.*

In this case, the appellants are in the same position as the employee in *Moore.* The record is clear that the focus of this case is racial discrimination. *See Davis v. Butts,* 290 F.3d 1297, 1300 (11th Cir.2002) (dismissing appeal of proposed intervenors for lack of appellate jurisdiction, in part because the proposed intervenors did not allege racial discrimination, and citing *Moore* in support). Because the appellants are non-parties who have not asserted any claims of racial discrimination, they do not have standing to enforce the decree through a motion for contempt.

Further, as unnamed, non-intervening members of a class in the litigation, the appellants do not have standing to enforce the consent decree. In *Guthrie v. Evans,* 815 F.2d 626 (11th Cir.1987), we held that unnamed, non-intervening class members lacked standing to appeal a final judgment in a class action. *Id.* at 628. We articulated three reasons for that holding. First, those individuals cannot represent the class absent the procedures provided for in Federal Rule of Civil Procedure 23. *Id.* Second, class members who disagree with the course of a class action have available adequate procedures through which their individual interests can be protected, such as intervening pursuant to Rule 24, pursuing relief in a collateral proceeding in cases where the class representation has been inadequate, and opting out of the class where Rule 23(c)(2) is applicable. *Id.* Third, class actions could become judicially unmanageable if each member of the class could appeal separately orders in the litigation. *Id.* at 629. We think these reasons are just as applicable in this case, where the appellants seek to enforce a consent decree through the district court's contempt power. *See also In re Southeast Banking Corp., Secs. Litig.,* 51 F.3d 1003,

1004 (11th Cir.1995) (holding an unnamed class member who did not intervene in the action lacked standing to appeal district court's order awarding attorney's fees).

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction. Accordingly, the intervenors' motion to dismiss the appeal is GRANTED.

APPEAL DISMISSED.